**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
(FT. LAUDERDALE DIVISION)

MONARCH AIR GROUP, LLC,                                CASE NO.: 23-61256-CIV-CANNON
a Florida limited liability company,

    Plaintiff,

v.

JOURNALISM DEVELOPMENT
NETWORK INC., A Maryland Corporation,
and LILY DOBROVOLSKAYA,

    Defendants.
_____/

**PLAINTIFF'S MOTION TO REMAND TO STATE COURT**

Plaintiff, MONARCH AIR GROUP, LLC ("Monarch" or "Plaintiff"), under 28 U.S.C. § 1447 moves this Honorable Court to remand this cause to state court.

**Introduction**

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Burns v. Windsor Ins.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Courts have an obligation to inquire into subject matter jurisdiction whenever the possibility that jurisdiction does not exist arises, *Cheffer v. Reno*, 55 F.3d 1517, 1523 (11th Cir. 1995), and must dismiss an action where it appears that the court lacks jurisdiction, Fed. R. Civ. P. 12(h)(3).

"[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001). Under §1332(a), federal district courts have original jurisdiction over civil actions between citizens of different

states and where the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. §1332(a).

It is the removing defendant's burden to establish federal jurisdiction. *See Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1208 (11th Cir. 2007). The removing party must point to facts, not conclusory allegations, to meet its burden. *See Williams v. Best Buy Co.*, 269 F.3d 1316, 1319-20 (11th Cir. 2001) (emphasis added). "Where, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Williams*, 269 F.3d at 1319. The removing defendant must make "specific factual allegations establishing jurisdiction [that can be supported] ... with evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010).

Here, along with Monarch's interrogatory responses that Journalism Development Network, Inc. ("JDN") used to justify removing this action, Monarch served written responses[1] to JDN's request for admissions denying that it sought more than $75,000 and admitting that it sought less than $75,000. Notwithstanding Monarch's clear statement that it is not seeking more than $75,000, JDN triples Monarch's total damages—all from the same defamatory statements—to meet the jurisdictional threshold. The Court should remand this case and order JDN to pay Monarch's costs and expenses, including its attorney's fees incurred as a result of JDN's removal.

---

[1] In its removal notice, JDN acknowledged Monarch's responses but emphasized that the responses were "*unsinged*." [DE 1] 4 n.2. But under Fla. R. Civ. P. 1.370, Monarch only needed to serve the written responses that it served. *See* Fla. R. Civ. P. 1.080(c) ("Writing or written means a document containing information, an application, or a stipulation.").

## Background

In November 2020, JDN published a defamatory article about Monarch. [DE 1-2] 7. When confronted, OCCRP admitted that the article had multiple inaccuracies. *Id. at 8*. Eventually, after months, JDN corrected some of the article without changing the article's defamatory nature. *Id.*

Monarch sued JDN and Ms. Dobrovolskaya[2] in a three-count complaint in Florida state court. *Id.*7-18. Count I and II are against JDN for defamation per se and defamation by implication and Count III against Dobrovolskaya for defamation per se. Monarch incorporated all its general allegations into each count.[3] At the time Monarch filed its complaint it believed that Ms. Dobrovolskaya was a Florida resident based on her work for the Miami Herald and her articles' Florida focus.[4]

JDN decided that it wanted to remove this case to Federal Court. To that end, JDN served discovery requests it hoped would provide a removal basis. JDN served three interrogatories asking Monarch to "describe in detail and with particularity all damages…that You claim to have incurred and for which You seek recovery under Count I[5] for Defamation Per Se in this action." JDN served two requests for admissions asking Monarch to admit that it is "seeking damages in

---

[2] JDN asserts that Ms. Dobrovolskaya's name is spelled "Dobrovolskaia." Monarch used the spelling JDN used listing her as the defamatory article's author. *See* Compl. Ex. A, [DE 1-2] 20. JDN also spells Ms. Dobrovolskaya's name with a "y" in its filings.

[3] Plaintiff amended its complaint by interlineation to incorporate all its general allegations to its substantive counts. [DE 1-2] 290.

[4] Under Florida law, a Plaintiff need not plead a party's citizenship. This raises another issue with JDN's notice of removal. JDN's assertion that Ms. Dobrovolskaya is a Russian citizen and is diverse from Monarch is not supported by any document *received from Plaintiff*. Nor does the summons issued with a New York address establish Ms. Dobrovskaya's citizenship in New York. A defendant can only remove an initially nonremovable case based on additional paper received from the plaintiff. *Pretka v. Kolter Plaza II, Inc.*, 608 F.3d 744, 761 (11th Cir. 2010) (citations omitted). "[The] 'other paper' must result from the voluntary act of a plaintiff which gives the defendant notice of the changed circumstances which now support federal jurisdiction." *Id.* (quoting *Addo v. Globe Life & Accident Ins. Co.*, 230 F.3d 759, 762 (5th Cir. 2000)).

[5] JDN repeated the same interrogatory for Counts II and III. [DE 1-8].

this case that exceed $75,000," and that it "is not seeking damages in this case that exceed $75,000." [DE 1-9].

In response, Monarch answered JDN's three interrogatories with the same response repeated three times: "Monarch estimates its actual damages…to be $63,000." Depending on the timing of when this motion is determined, Monarch's initial disclosures will compute its damages as $63,000. Monarch also explicitly denied that it seeks more than $75,000 and admitted that it seeks less.

Yet JDN removed this case asserting that the amount in controversy exceeds $75,000. It does not, and the Court should remand this case and award Monarch its costs incurred because of JDN's wrongful removal.

**Legal Standard**

Under 28 U.S.C. § 1441(a), a defendant can remove a case to federal court if federal court would have original jurisdiction of the matter. As applicable to this state law defamation case, JDN can only remove this case if the defendants are completely diverse and the amount in controversy exceeds $75,000. 28 U.S.C. 1332(a). Under 28 U.S.C. § 1446(2), removal is proper only if the court finds by a preponderance of the evidence that the amount in controversy exceeds $75,000. "If the jurisdictional amount is either stated clearly on the face of the documents before the court, or readily deducible from them, then the court has jurisdiction. If not, the court must remand." *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1211 (11th Cir. 2007).

The removing defendant bears the burden to prove the court has jurisdiction and that the amount in controversy exceeds $75,000. *Marshall v. Washington*, 487 Fed. Appx. 523, 525-26 (11th Cir. 2012) (quoting *Lowery*, 483 F.3d at 1209, 1211). Before finding that removal was proper, the court must determine that the documents underlying the removal "unambiguously establish federal jurisdiction." *Lowery*, 483 F.3d at 1213. The court may require evidence to prove

that the amount-in-controversy requirement was satisfied at the time of removal. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010).

"[T]he court may consider facts alleged in the notice of removal, *judicial admissions made by the plaintiffs*, non-sworn letters submitted to the court, or other summary judgment type evidence that may reveal the amount in controversy requirement is satisfied." *Id.* (quoting 16 James Wm. Moore et al., *Moore's Federal Practice* § 107.14[2][g], at 107–86.4 to 107–86.5 (3d ed. 2010)) (emphasis added). If the evidence is insufficient to meet the defendant's burden, the court and defendant cannot speculate to fix the removal notice's failings. *Lowery*, 483 F.3d at 1214-15 ("the existence of jurisdiction should not be divined by looking at the stars.").[6]

The plaintiff is the master of its claim even though a defendant has a statutory removal right. *Burns*, 31 F.3d 1092, 1095 (11th Cir. 1994) (citations omitted). If a plaintiff demands less than the jurisdictional amount, only that amount is in controversy. *Id.* The removal statute is construed narrowly such that "uncertainties are resolved in favor of remand." *Id.*

A court may consider a settlement demand to calculate the amount in controversy, *Id.* at 1097, but the demand must be based on "specific and corroborating evidence reflecting an honest assessment of damages rather than mere puffing and posturing," *Stern v. First Liberty Ins.,* 424 F. Supp. 3d 1264, 1273 (S.D. Fla. 2020) (citations omitted).

When a defendant removes a case without an objectively reasonable basis the court should award the plaintiff its fees under 28 U.S.C. § 1447(c). *Bauknight v. Monroe Cnty., Fla.*, 446 F.3d 1327, 1329 (11th Cir. 2006) (quoting *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 136 (2005)).

---

[6] *But see Pretka*, 608 F.3d 744 at 753.

## **Argument**

The Court does not have diversity jurisdiction over this case and the Court should remand to state court because the amount in controversy is $63,000. Monarch's interrogatory responses do not support JDN's claim that the amount in controversy is more than $75,000 and Monarch's responses to JDN's request for admissions are binding, without leave of court to amend, and limit its damages to $63,000. Why is this amount different from what Monarch listed in its civil cover sheet or could be inferred from Monarch's prelitigation demand? Since that time, Monarch's expert in another defamation case (S.D. Fla. Case No. 21-cv-62429-WPD) concluded that because JDN's article had limited readers it caused much less damage than the other defamation.

Under Florida's election of remedies doctrine, a plaintiff cannot receive a double recovery for the same wrong. *Liddle v. A.F. Dozer, Inc.*, 777 So. 2d 421, 422 (Fla. 4th DCA 2000) (quoting *Goldstein v. Serio*, 566 So. 2d 1338, 1339 (Fla. 4th DCA 2000))[7] ("The doctrine of election of remedies is a technical rule of procedure or judicial administration, used by the courts to prevent double recoveries for a single wrong."). Under that logic, courts do not allow parties to aggregate amounts claimed under different theories for the same harm for which damages could not be awarded for each. *Suber v. Chrysler Corp.*, 104 F.3d 578, 588 (3d Cir. 1997); *SUA Ins. Co. v. Classic Home Builders, LLC*, 751 F. Supp. 2d 1245, 1252 (S.D. Ala. 2010) (citing *Suber*); *Petroleum Traders Corp. v. Hillsborough Cnty.*, 8:06-CV-2289-T-TBM, 2008 WL 4570318, at *4 (M.D. Fla. Oct. 14, 2008) (citing *Suber*; Gallo v. Homelite Consumer Prod., 371 F.Supp.2d 943,

---

[7] The applicable law in this case removed from Florida's Seventeenth Judicial Circuit is that of Florida's Fourth District Court of Appeal. *New S. Communications, Inc. v. Houston Cas. Co.*, 835 Fed. Appx. 405, 412 n.6 (11th Cir. 2020) ("Here, the case was initially filed in the Circuit Court of the 16th Judicial Circuit in and for Monroe County, so where a conflict among Florida's Circuit Courts of Appeal exists, we must apply decisions of Florida's Third District Court of Appeal."); *Peoples Bank of Polk Cnty. v. Roberts*, 779 F.2d 1544, 1546 (11th Cir. 1986) (citation omitted).

947 (N.D.Ill.2005)); *see also Burns*, 31 F.3d at 1096 ("A defendant can remain in federal court if he showed that, if the plaintiff prevails on liability, an award below the jurisdictional amount would be outside the range of permissible awards because the case is clearly worth more than $[75],000."). And claims against multiple defendants can be aggregated only if the defendants are jointly liable. *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1263 n.7 (11th Cir. 2000) (citing *Jewell v. Grain Dealers Mut. Ins.,* 290 F.2d 11, 13 (5th Cir.1961)).

Here, at best, the evidence is in equipoise. JDN uses a novel theory to turn Monarch's $63,000 damages into $189,000 by trebling Monarch's harm while ignoring Monarch's judicial admissions twice over. JDN's interrogatories and Monarch's answers do not unambiguously show that Monarch is seeking more than $75,000. Taken together with Monarch's admission that it seeks less than $75,000 and denial that it seeks more, JDN did not have an objectively reasonable basis to remove.

The $63,000 in damages Monarch suffered is from JDN and Ms. Dobrovolskaya's publishing the defamatory Article. Monarch mostly alleges joint action by both Defendants and does not allege different harms from each's actions.[8] Yet because Monarch answered JDN's separate interrogatories saying that it was seeking the *same* damages for each count and that number is repeated three times, JDN asserts that it meets the amount in controversy requirement. Had JDN asked a single interrogatory asking Monarch to state its damages sought in each count and had Monarch responded that it was seeking $63,000 three times, JDN may have an argument that Monarch was seeking more than $75,000. That Monarch seeks the same damages under each

---

[8] Monarch alleges that Ms. Dobrovolskaya made an additional defamatory statement separate from the Article. [DE 1-2] 16, Compl. ¶ 64. To the extent that JDN would argue that separate damages are attributable to that statement, JDN still cannot meet the amount in controversy requirement because it is not jointly liable. *Morrison*, 228 F.3d at 1263 n.7.

count does not equate to triple that amount because, under Florida law, Monarch could not receive a double, or in this case triple recovery. Nor would JDN agree, when Monarch ultimately prevails, that Monarch should receive its damage once for each count.

Now take Monarch's admissions. *Pretka*, 608 F.3d at 754. JDN asked Monarch to admit that it is seeking less than the jurisdictional amount. Monarch so admitted. That should be the end of the story. Monarch's "conclusively established" admission binds it. *See* Fed. R. Civ. P. 36(b); Fla. R. Civ. P. 1.370(b). JDN has no objectively reasonable basis to believe that Monarch is seeking more than the jurisdictional amount.

Monarch also denied seeking more than $75,000. Under both Fed. R. Civ. P. 37(c)(2) and Fla. R. Civ. P. 1.380(c), Monarch will pay JDN its expenses for proving that Monarch is seeking more. No reasonable person would subject themselves to fees or expenses if they intended to seek more money.

Lastly, JDN reliance on Monarch's demand email[9] saying that it lost millions of dollars in revenue and on the civil cover sheet is misplaced. For a settlement demand to be evidence it must based on "specific and corroborating evidence reflecting an honest assessment of damages rather than mere puffing and posturing." *Stern*, 424 F. Supp. 3d at 1273. JDN points to nothing in the demand that is "specific" "corroborating evidence." Nor does millions in lost revenue equate to more than $75,000 in controversy. Monarch's revenue is not its damages.

Monarch also learned new information about its damages since it filed this case. Monarch sued JPMorgan Chase for its defamation to Monarch's customers and vendors. Monarch's expert

---

[9] If the demand email is sufficient evidence to support the Court's jurisdiction, JDN's removal is late. 28 U.S.C. § 1441(b).

in that case determined that damages attributable to Defendants' defamatory article was low because of its limited distribution especially in Monarch's target market.[10]

## Conclusion

JDN's removal notice facially shows that JDN did not have an objectively reasonable basis to remove. Monarch admitted that it is seeking less than $75,000. On top of that, Monarch's interrogatory answers do not unambiguously show that the Court has jurisdiction. Florida law limits Monarch's recovery to its actual harm caused by Defendants' defamation. Monarch cannot recover $63,000 twice from JDN. JDN cannot rely on the damages it jointly, with Ms. Dobrovolskaya, caused to Monarch because that is still the same $63,000 in damages. The Court should thus remand this case to state court and order JDN to pay Monarch's expenses incurred by this unreasonable removal.

WHEREFORE, Plaintiff, Monarch Air Group, LLC respectfully requests that this Honorable Court remands this case to state court and award Monarch its expenses, together with such and further relief that this Honorable Court deems just and necessary.

Conferral Certification: Counsel for Monarch ahs conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues raised and has been unable to do so.

---

[10] Monarch reserved the right to amend its interrogatory answers because it has not yet retained an expert to specifically evaluate the damages in this case. It may be that Monarch's damage attributable to Defendants' defamation will be more than $63,000. In any event Monarch's damages will not exceed $75,000 because it admitted as much.

*Plaintiff's Motion To Remand*
*Case No.: 23-61256-CIV-CANNON*
*Page 10 of 10*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was filed and served via the CM/ECF filer on July 25, 2023 to: Dana J. McElroy, dmcelroy@tlolawfirm.com; Thomas & LoCicero PL 915 Middle River Drive, Suite 309 Fort Lauderdale, FL 33304; James J. McGuire, Esq., jmcguire@tlolawfirm.com; Linda R. Norbut, Esq., lnorbut@tlolawfirm.com; Thomas & LoCicero PL 601 South Boulevard Tampa, FL 33606.

Respectfully submitted,

**STOK KON+ BRAVERMAN**
Attorneys for Plaintiff
One East Broward Boulevard, Suite 915
Fort Lauderdale, Florida 33301
Tel.: (954) 237-1777
Fax: (954) 237-1737
Email: service@stoklaw.com

*/s/ Joshua R. Kon*
PERETZ LAINE, ESQ.
Florida Bar No. 1038556
plaine@stoklaw.com
JOSHUA R. KON, ESQ.
Florida Bar No. 56147
jkon@stoklaw.com
YOSEF Y. KUDAN, ESQ.
Florida Bar No. 1010261
ykudan@stoklaw.com