UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 23-61256-CIV-CANNON

MONARCH AIR GROUP, LLC,

    Plaintiff,

v.

JOURNALISM DEVELOPMENT
NETWORK, INC. and
LILY DOBROVOLSKAYA,

    Defendants.
_____/

**DEFENDANT JOURNALISM DEVELOPMENT NETWORK, INC.'S COMBINED RESPONSE TO PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES AND MOTION FOR LEAVE TO FILE AMENDED ANSWER AND AFFIRMATIVE DEFENSES AND INCORPORATED MEMORANDUM OF LAW**

    Defendant Journalism Development Network, Inc. ("JDN"), pursuant to Fed. R. Civ. P. 15(a), Local Rule 7.2 and this Court's July 13, 2023 order [ECF No. 7], hereby responds to Plaintiff's Motion to Strike Defendant's Affirmative Defenses. [ECF No. 13; "Motion to Strike"] Prior to filing this response, JDN's counsel conferred with counsel for Plaintiff Monarch Air Group, LLC ("Plaintiff") to narrow the issues raised by the Motion to Strike. As a result of that conference, Plaintiff withdrew its Motion to Strike as to some of JDN's affirmative defenses. JDN, in turn, agreed to amend, supplement and/or withdraw the remaining defenses at issue in the Motion to Strike by filing an amended answer and affirmative defenses, to which Plaintiff consented. JDN accordingly requests leave to file the proposed amended answer and affirmative defenses attached to this combined response and motion (the "Response"). In support, JDN states as follows:

Relevant Procedural History

1.     This is a defamation case brought by Plaintiff against Defendants JDN, the publisher of a news reporting website at occrp.com, and Lily Dobrovolskaya, a freelance journalist. The Complaint asserts three causes of action, alleging in Count I (against JDN and Dobrovolskaya) that certain statements in an article appearing on JDN's website are defamatory per se, alleging in Count II (against JDN and Dobrovolskaya) that omissions and juxtapositions in the same article are defamatory by implication, and alleging in Count III (only against Dobrovolskaya) that a separate Twitter post by Dobrovolskaya is defamatory per se. *See* ECF No. 1; JDN's Notice of Removal at ¶ 2.

2.     Plaintiff originally filed its complaint in the Seventeenth Judicial Circuit of Florida (Case No. CACE-22-017416) (the "State Court Proceeding"). [ECF No. 1 at pp. 19-93]   JDN filed its notice of removal based upon diversity of citizenship on June 30, 2023. *Id.*

3.     Prior to removal, JDN filed an answer and affirmative defenses in the State Court Proceeding. [ECF No. 12]  In response, Plaintiff moved to strike all of JDN's eighteen affirmative defenses. [ECF No. 13]

4.     Because Plaintiff's Motion to Strike was pending at the time of removal, a response originally was due on July 14, 2023.  After JDN filed an unopposed motion for an extension of time, the Court ordered JDN to file a response on or before July 28. [ECF No. 7]

Motion to Strike

5.     Plaintiff's Motion to Strike claims that seven of the affirmative defenses are conclusory denials and that the other eleven lack supporting ultimate facts. [ECF No. 13 at pp. 3-4]

6.      Although JDN disagrees with Plaintiff's assessment, undersigned counsel engaged in a meaningful conference with Plaintiff's counsel in an effort to resolve or narrow the issues. As a result, Plaintiff agreed to withdraw its Motion to Strike as to five affirmative defenses in JDN's original answer (Nos. 4, 11, 13, 14 and 18) and consents to JDN amending its answer to amend, supplement and/or withdraw the remainder of its affirmative defenses. *See* Email correspondence attached as **Exhibit A** to this Response.

7.      JDN accordingly seeks leave to amend its answer and affirmative defenses pursuant to Fed. R. Civ. P. 15 (a). Pursuant to Local Rule 15.1, a copy of JDN's proposed Amended Answer and Affirmative Defenses is attached as **Exhibit B** to this Response. The affirmative defenses concerning which Plaintiff withdrew its Motion to Strike are designated in the proposed amendment as Nos. 3, 8, 10, 11 and 15.

8.      In this regard, leave to amend should be "freely given when justice so requires." *Id.* Under Rule 15(a), leave to amend generally should be permitted except where a court finds that (1) a "substantial reason" exists, such as undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by previous amendments; (2) allowing amending would cause undue prejudice to the opposing party; and (3) amendment would be futile. *See Sec. & Exchange Comm'n*, No. 09-61868-civ-Middlebrooks/Johnson, 2011 WL 13277547, at *2 (S.D. Fla. Mar. 30, 2011) (granting motion for leave to amend answer); *Am. S. Ins. Co. v. Nestor*, No. 16-23550-Civ-Cooke/Torres, 2017 WL 11614677, at *1 (S.D. Fla. Mar. 2, 2017) (same).

9.      Here, JDN has never previously sought to amend its affirmative defenses and does so now within the time to respond to Plaintiff's Motion to Strike. There has thus been no undue delay, bad faith, or other substantial reason to justify a denial of leave to amend. Moreover, because no scheduling order has yet been entered, no party will be prejudiced by such amendment.

WHEREFORE, Defendant Journalism Development Network, Inc. hereby requests this Court enter an order denying without prejudice Plaintiff's Motion to Strike Defendant's Affirmative Defenses as moot and permitting JDN to file its Amended Answer and Affirmative Defenses.

**GOOD FAITH CERTIFICATION PURSUANT TO LOCAL RULE 7.1**

The undersigned certifies that counsel for JDN has conferred with Plaintiff by telephone on July 17, 2023, and in subsequent emails, and that Plaintiff has no objection to JDN amending its previously-filed answer and affirmative defenses.

THOMAS & LOCICERO PL

By: */s/ Dana J. McElroy*
Dana J. McElroy
Florida Bar No. 845906
dmcelroy@tlolawfirm.com
Daniela B. Abratt
Florida Bar No. 118053
dabratt@tlolawfirm.com
915 Middle River Drive
Suite 309
Fort Lauderdale, FL 33304
Phone: (954)703-3416

-and-

James J. McGuire
Florida Bar No. 187798
jmcguire@tlolawfirm.com
Linda R. Norbut
Florida Bar No. 1011401
lnorbut@tlolawfirm.com
601 South Boulevard
Tampa, FL 33606
Phone: (813) 984-3060

*Attorneys for Defendant Journalism Development Network, Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this **28th** day of **July, 2023**, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all parties and counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

/s/ *Dana J. McElroy*
Attorney