IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 23-61256-CIV-CANNON

MONARCH AIR GROUP, LLC,
a Florida Limited Liability Company,

    Plaintiff,

v.

JOURNALISM DEVELOPMENT
NETWORK, INC., A Maryland Corporation,
and LILY DOBROVOLSKAYA,

    Defendants.
_____/

### MOTION TO STRIKE AFFIDAVIT OF SERVICE OF PROCESS [ECF NO. 24] AND FOR RELIEF FROM THE COURT'S ORDER REQUIRING RESPONSE TO COMPLAINT [ECF NO. 25]

Without waiving her rights to proper service of process and to challenge exercise by this Court of personal jurisdiction, Defendant Lily Dobrovolskaya ("Dobrovolskaya") hereby appears for the limited purpose of moving to strike the inaccurate Affidavit of Service [ECF No. 24] filed by Plaintiff and to request that the Court withdraw its Order Requiring Response to Complaint [ECF No. 25], which is premised upon the inaccurate information contained in the Affidavit of Service. Grounds for this Motion are provided in the following Memorandum of Law.

### MEMORANDUM OF LAW

#### Background

##### State Court Proceedings

Plaintiff Monarch Air Group, LLC ("Monarch") has sued Defendants Journalism Development Network, Inc. ("JDN") and Dobrovolskaya for defamation per se and defamation by implication. [ECF No. 1-2 at pp. 7-82.]

Monarch filed its Complaint in state court in the 17th Judicial Circuit in and for Broward County, Florida, nearly one year ago, on or about November 23, 2022. [*Id.*]

Before the case was removed to this Court, Monarch never effectuated service of the summons and Complaint on Dobrovolskaya.

Monarch did, however, file various motions in the state court asking the court to deem Dobrovolskaya as served or seeking extensions of time to serve her. [ECF No. 1-2 at pp. 216, 276.] While the state court did grant certain extensions of time to serve Dobrovolskaya, it never held that she had been served or deemed that she had actually been served.

In particular, the state court specifically held that Dobrovolskaya had *not been served* as a result of Monarch serving process on the Florida Secretary of State, ruling on June 10, 2023, that "[a]ny purported process served on the Florida Secretary of State is invalid and quashed." [ECF No. 1-2 at p. 350.] (A true and correct copy of the June 10, 2023, Order is attached hereto as **Exhibit A**.)

In that same order, the state court granted Monarch until August 7, 2023, to serve Dobrovolskaya. [*Id.*] Monarch did not serve Dobrovolskaya by August 7, 2023, or at any time since.

Federal Court Proceedings

On June 30, 2023, JDN removed this case to this Court. [ECF No. 1.]

As JDN indicated in its removal papers, Monarch has never effectuated service of the Complaint on Dobrovolskaya. [ECF No. 1 at p. 7, ¶ 31.]

Just over one week ago, on September 25, 2023, this Court issued its Order Denying Plaintiff's Motion to Remand and to Award Attorney's Fees (the "Order Denying Remand"). [ECF No. 23.] As part of its Order Denying Remand, the Court ordered as follows:

> On or before **September 29, 2023**, Plaintiff shall file proof of service on Defendant Lily Dobrovolskaya in accordance with Rule 4 of the Federal Rules of Civil Procedure. **Failure to do so will result in Plaintiff's claims against Defendant Dobrovolskaya being dismissed without further notice.** *See* Fed. R. Civ. P. 4(m).

[ECF No. 23 at 8, ¶ 2.]

Pursuant to the Order Denying Remand, Monarch filed its Affidavit of Service on September 29, 2023. [ECF No. 24.]

The Affidavit of Service *incorrectly* states that Dobrovolskaya was served with the Complaint on April 21, 2023. [ECF No. 24, ¶ 12.]

On October 2, 2023, relying upon the *incorrect* information contained in the Affidavit of Service, this Court issued its Order Requiring Response to Complaint [ECF No. 25], which directs Dobrovolskaya to answer or otherwise respond to the Complaint by October 10. [*Id.* at 1.]

On October 2, 2023, after receiving the Order Requiring Response to Complaint, Defense counsel notified Monarch's counsel that the Affidavit of Service was incorrect and asked that they withdraw the incorrect Affidavit of Service.

Monarch's counsel have agreed to withdraw the Affidavit of Service. Despite requests from Defense counsel, however, Monarch's counsel have *not* agreed to a time by which they will do so.

## Argument

In light of the impending court-ordered deadline for Dobrovolskaya to respond to the Complaint, and without having been able to determine *when* Monarch's counsel will withdraw the Affidavit of Service, Dobrovolskaya regretfully must seek relief from this Court to ensure that she does not violate the Court's Order Requiring Response to Complaint.

The Affidavit of Service is demonstrably wrong when it states that Dobrovolskaya has been served with process as a result of Monarch's attempt to serve the Florida Secretary of State. [ECF

3

No. 24, ¶ 12.] The state court specifically found that such serve was "invalid" and therefore "quashed" it. [ECF No. 1-2 at 350.]

Moreover, Monarch's counsel have agreed that they will withdraw the Affidavit of Service (without agreeing to a specific time by which they will do so).

Because it is not clear when Monarch's counsel will withdraw the inaccurate Affidavit of Service, Dobrovolskaya respectfully requests that the Court strike the Affidavit of Service as mistaken and inaccurate.

In addition, because it is based upon inaccurate information contained in the Affidavit of Service, Dobrovolskaya also respectfully requests that the Court withdraw the Order Requiring Response to Complaint.

By doing so, the Court will relieve Dobrovoloskaya – a named Defendant who has *not* been served with the summons and complaint and who is *not* currently subject to the personal jurisdiction of this Court – of the risk of violating a Court Order that was based on inaccurate information provided to the Court by Monarch.

## Conclusion

WHEREFORE, Defendant Dobrovolskaya respectfully requests that the Court grant this Motion, strike the Affidavit of Service [ECF No. 24], withdraw the Order Requiring Response to Complaint [ECF No. 25], and grant such other and further relief as the Court deems proper.

## S.D. RULE 7.1 CERTIFICATE OF GOOD FAITH CONFERENCE

On Monday, October 2, 2023, counsel for Defendants called and emailed Plaintiff's counsel regarding the concern addressed above with Plaintiff's Affidavit of Service and requested that they withdraw the affidavit and correct the record. Counsel for Plaintiff advised that they were evaluating the appropriate steps to take. The next day, defense counsel continued to correspond

with Plaintiff's counsel to determine if and when Plaintiff would withdraw the Affidavit and advised that, given the approaching Court-ordered deadline of October 10 for Dobrovolskaya to respond to the Complaint, Defendant would file a Motion to Strike the Affidavit. Defense counsel requested Plaintiff's position on such a motion, but Plaintiff's counsel did not provide one. Instead, Plaintiff asked for additional time to withdraw its Affidavit. Defense counsel agreed that Plaintiff could have until noon on October 4 to withdraw the Affidavit. As of this filing, the Affidavit has not been withdrawn, nor has a position on this Motion to Strike provided.

THOMAS & LOCICERO PL

By: */s/ Dana J. McElroy*
Dana J. McElroy
Florida Bar No. 845906
dmcelroy@tlolawfirm.com
Daniela Abratt-Cohen
Florida Bar No. 118053
dacohen@tlolawfirm.com
915 Middle River Drive
Suite 309
Fort Lauderdale, FL 33304
Phone: (954)703-3416

-and-

James J. McGuire
Florida Bar No. 187798
jmcguire@tlolawfirm.com
Linda R. Norbut
Florida Bar No. 1011401
lnorbut@tlolawfirm.com
601 South Boulevard
Tampa, FL 33606
Phone: (813) 984-3060

*Attorneys for Defendant Lily Dobrovolskaya for the limited purpose of filing the foregoing motion*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this **4th** day of **October, 2023**, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all parties and counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

/s/ *Dana J. McElroy*
Attorney