UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 23-61256-CIV-CANNON

**MONARCH AIR GROUP, LLC**,

    Plaintiff,
v.

**JOURNALISM DEVELOPMENT
NETWORK, INC.** and
**LILY DOBROVOLSKAYA**,

    Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

**THIS CAUSE** comes before the Court upon Plaintiff's Motion for Reconsideration [ECF No. 30] of the Court's Order Denying Plaintiff's Motion to Remand [ECF No. 23 (denying ECF No. 14)]. Upon review of Plaintiff's Motion [ECF No. 30], Defendant Journalism Development NETWORK, Inc.'s ("JDN") Response [ECF No. 31], Plaintiff's Reply [ECF No. 34], and the full record, Plaintiff's Motion for Reconsideration [ECF No. 30] is **DENIED**.

### RELEVANT BACKGROUND

**Plaintiff's Motion to Remand and Order Denying Same**

Defendant JDN[1] timely removed this three-count defamation case from state court on June 30, 2023, asserting diversity jurisdiction under 28 U.S.C. § 1332 [ECF No. 1 p. 4]. Plaintiff then filed a Motion to Remand, challenging the amount-in-controversy [ECF Nos. 14, 22], to which Defendant JDN responded in opposition [ECF No. 21].

---

[1] Plaintiff has until December 13, 2023, to file proof of service as to Defendant Dobrovolskaya [ECF No. 33]. *See* Fed. R. Civ. P. 4(m).

In those filings, Defendant JDN argued that the amount-in-controversy was satisfied because Plaintiff, in response to JDN's First Set of Interrogatories, stated that it was seeking "around $63,000.00" in damages for each count of the Complaint, which in the aggregate exceeds $75,000 [ECF No. 21 pp. 7–12; *see* ECF No. 1 ¶ 22; ECF No. 1-8]. JDN also pointed to Plaintiff's state court civil cover sheet, which indicated damages "over $100,000.00," and to a pre-suit email sent by Plaintiff's sole manager to JDN stating that Plaintiff had incurred "millions of dollars" in lost revenue [ECF No. 21 pp. 12–13; ECF No. 1 ¶ 12; ECF No. 1-2 p. 4 (state court civil cover sheet); ECF No. 1-5 p. 6 (pre-suit email)]. Plaintiff disagreed, arguing that the amount-in-controversy did not exceed $75,000; that JDN had incorrectly trebled the damages asserted in Plaintiff's response to JDN's interrogatories [ECF No. 14 pp. 7–8]; and that Plaintiff's pre-suit demand email was not specific enough to establish the amount-in-controversy [ECF No. 14 p. 8 (quoting *Stern v. First Liberty Ins.*, 424 F. Supp. 3d 1264, 1273 (S.D. Fla. 2020))].

Upon review of those filings and the full record, this Court denied Plaintiff's Motion to Remand [ECF No. 23]. The Court relied on Plaintiff's response to JDN's interrogatories, Plaintiff's pre-suit demand email, and the state court civil cover sheet listing damages in excess of $100,000 [ECF No. 23 pp. 5–6].

**Plaintiff's Motion for Reconsideration**

Plaintiff now moves for reconsideration of the Court's Order Denying Remand [ECF No. 30]. Plaintiff says the Court overlooked Plaintiff's admission in a discovery response that it was seeking less than the jurisdictional amount [ECF No. 30 ¶ 4]. Plaintiff also attaches a new affidavit in which Plaintiff avers that it seeks less than $75,000 in damages [ECF No. 30 p. 1; ECF No. 30-1 (affidavit)]. The Motion [ECF Nos. 30, 31, 34] is ripe for adjudication.

**LEGAL STANDARD**

"Reconsideration is an extraordinary remedy to be employed sparingly." *Holland v. Florida*, No. 06-20182-CIV-SEITZ, 2007 WL 9705926, at *1 (S.D. Fla. June 26, 2007) (citation and internal quotation marks omitted). Although the Federal Rules of Civil Procedure do not expressly provide for a motion for reconsideration, such a motion "falls within the ambit of either Rule 59(e) ("motion to alter or amend a judgment) or Rule 60(b) ("motion for relief from judgment or order")." *See Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 806 n.5 (11th Cir. 1993). There are "three major grounds" that may justify the entry of an order granting reconsideration: "'(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice.'" *Instituto de Prevision Militar v. Lehman Bros., Inc.*, 485 F. Supp. 2d 1340, 1343 (S.D. Fla. 2007) (quoting citation omitted). A motion for reconsideration should raise new issues, not merely address issues litigated previously. *United States v. Dean*, 838 F. App'x 470, 471–72 (11th Cir. 2020). "A party's disagreement with the court's decision, absent a showing of manifest error, is not sufficient to demonstrate entitlement to relief." *Id.* at 472 (citing *Jacobs v. Tempur-Pedic Int'l, Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010)).

**DISCUSSION**

The Court has reviewed Plaintiff's two stated reasons for reconsideration and finds them to lack merit.

First, Plaintiff states that the Court "overlooked [Plaintiff's] admission that it is seeking less than the jurisdictional amount" [ECF No. 30 ¶ 2]. This is incorrect. The Court addressed Plaintiff's admission in its previous Order [*see* ECF No. 23 p. 7] and determined, applying the

3

Case 0:23-cv-61256-AMC Document 37 Entered on FLSD Docket 11/07/2023 Page 4 of 5

CASE NO. 23-61256-CIV-CANNON

relevant preponderance of the evidence standard, that Plaintiff's admission was "not conclusive" and was outweighed by other evidence considered in the aggregate [ECF No. 23 p. 7].

Second, Plaintiff points to its newly-filed affidavit claiming the amount-in-controversy is less than the jurisdictional amount [*see* ECF No. 30 ¶ 5; ECF No. 30-1]. This affidavit was not attached to Plaintiff's original Motion to Remand [ECF No. 14] and need not be considered at this stage. *Dean*, 838 F. App'x at 472 ("A motion for reconsideration 'cannot be used to relitigate old matters, raise argument or present evidence that *could have been raised prior*' . . . [.]" (quoting *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (emphasis added)). In any event, even if the Court were to construe it as "new evidence" warranting reconsideration, the Court remains of the view that Defendant JDN has met its burden to prove the requisite amount-in-controversy. As stated in the Court's previous Order [ECF No. 23 pp. 5–8], the record sufficiently indicates that Plaintiff was seeking more than $75,000 in damages at the time of removal. This is evidenced by Plaintiff's pre-suit demand letter, Plaintiff's answers to interrogatories, and Plaintiff's state court civil cover sheet. Plaintiff's newly-filed affidavit claiming otherwise does not change the Court's analysis of the amount in controversy as measured at the time of removal [*see* ECF No. 30-1 ¶ 3 (Plaintiff stating in the affidavit that "Defendants caused less damages *than I [Plaintiff] initially believed*")].

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion for Reconsideration [ECF No. 30] is **DENIED**.
2. In accordance with the Court's previous Order [ECF No. 33], Plaintiff shall file proof of service on Defendant Lily Dobrovolskaya in accordance with Rule 4(m) on or before **December 13, 2023**. **Failure to do so will result in Plaintiff's claims against**

CASE NO. 23-61256-CIV-CANNON

**Defendant Dobrovolskaya being dismissed without further notice**. *See* Fed. R. Civ. P. 4(m).

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 7th day of November 2023.

**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record