IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-61256-BECERRA/STRAUSS

MONARCH AIR GROUP, LLC,

    Plaintiff,

v.

JOURNALISM DEVELOPMENT
NETWORK, INC., *et al.*,

    Defendants.

_____/

**DEFENDANT JOURNALISM DEVELOPMENT NETWORK, INC.'S
NOTICE OF DISCOVERY DISPUTE**

Pursuant to this Court's Discovery Procedures Order [ECF No. 63], Defendant Journalism Development Network, Inc. ("JDN") files this Notice of Discovery Dispute requesting that the Court schedule a hearing.

**Nature of the Discovery Dispute**

There are three issues in dispute.

(1) This is a defamation case in which the parties[1] are now engaged in discovery, including document production. JDN contends that a confidentiality agreement or order is needed to govern discovery. Plaintiff Monarch Air Group, LLC, disagrees and maintains that confidentiality may be addressed on a document-by-document basis.

---

[1] Defendant Lily Dobrovolskaya has never properly been served with process and therefore has not been brought within the jurisdiction of this Court, has not appeared in this matter, and is not engaged in discovery. Her Motion to Dismiss for Insufficient Service of Process, Lack of Jurisdiction, and Failure to State a Claim [ECF No. 45] is fully briefed and pending before the Court for ruling.

(2)  Plaintiff's answers to JDN's First Set of Interrogatories were due on August 9, 2024, after two agreed extensions of time. Plaintiff has not yet served *sworn* interrogatory answers.

(3)  Plaintiff's responses to JDN's First Request for Production were due on August 9, 2024, after two agreed extensions of time.  Plaintiff served written responses and objections, but has not yet produced the majority of documents it agreed to produce.

**Discovery Deadline**

The discovery deadline is November 20, 2024. [ECF No. 62]

**Efforts Made to Confer**

*Confidentiality Agreement or Order*

- June 26, 2024:  During a telephone conference and email correspondence, JDN's counsel proposed that a confidentiality agreement is needed to govern discovery.

- June 27, 2024:  JDN's counsel emailed a proposed draft confidentiality agreement to Plaintiff's counsel and asked that he review and respond.

- July 3, 2024:  Plaintiff's counsel responded, declining to enter into a confidentiality agreement and stating "[s]unlight is the best disinfectant and we believe that having matters in the public record best clears our client's name.  That said, we are happy to confer and agree to confidentiality on a document by document basis."

- July 12, 2024:  Counsel conferred by Zoom and again discussed confidentiality. Later that day, counsel for JDN sent a revised proposed confidentiality agreement to counsel for Plaintiff.

- July 22, 2024:  Counsel for JDN emailed Plaintiff's counsel and asked again whether Plaintiff would agree to a confidentiality agreement.

- <u>July 24, 2024</u>:  Plaintiff's counsel stated by email that "Plaintiff's position on a confidentiality agreement has not changed (though it still may). I don't know that a hearing is necessary, at this point, because we will agree to confidentiality of documents on a case-by-case basis even if we do not agree to a general confidentiality agreement."  The parties exchanged additional emails but could not reach agreement.

- <u>August 2, 2024</u>:  After JDN produced documents to Plaintiff, JDN's counsel sent an email stating "Concerning a proposed confidentiality order, you now have our discovery responses. Additionally, on Monday, Monarch's discovery responses are due to be served. [] Accordingly, rather than conferring in a vacuum, we will have the ability to discuss specific categories of documents."  Plaintiff's counsel agreed to confer again.

- <u>August 14, 2024</u>:  Counsel conferred again via Zoom but could not agree on a confidentiality order.

*Interrogatory Responses*

- <u>August 12, 2024:</u>   After Plaintiff failed to serve answers to JDN's First Set of Interrogatories on August 9 as agreed, counsel for JDN emailed Plaintiff's counsel asking when JDN could expect to receive interrogatory responses.  Plaintiff's counsel advised that "we should have the interrogatories to you today."

- <u>August 14, 2024:</u>   Plaintiff's counsel served unsworn objections and responses to JDN's First Set of Interrogatories in WORD format and advised that a "jurat page would be forthcoming."  At a Zoom conference, Plaintiff's counsel was unable to

3

provide a date by which Plaintiff would serve sworn interrogatory responses and objections.

*Responses to Request for Production*

- <u>August 12, 2024</u>: Counsel for JDN emailed Plaintiff's counsel and asked when Plaintiff would be producing documents referenced in its written responses and objections to JDN's First Request for Production. Plaintiff's counsel responded that they were still working on "getting the documents together for production."

- <u>August 13, 2024</u>: Plaintiff's counsel produced two folders of documents, purportedly responsive to Request Nos. 16 and 32.

- <u>August 14, 2024</u>: At a Zoom conference, Plaintiff's counsel was unable to provide a date by which Plaintiff would serve the remaining documents Plaintiff agreed to produce without objection.

**Dates the Parties are Available for Hearing**

August 21, 2024

August 22, 2024

August 23, 2024

August 28, 2024

**Anticipated Time Needed for Hearing**

30 minutes.

4

Respectfully submitted,

THOMAS & LOCICERO PL

By: */s/ Dana J. McElroy*
Dana J. McElroy
Florida Bar No. 845906
dmcelroy@tlolawfirm.com
Daniela Abratt-Cohen
Florida Bar No. 118053
dacohen@tlolawfirm.com
915 Middle River Drive
Suite 309
Fort Lauderdale, FL 33304
Phone:  (954)703-3416

-and-

James J. McGuire
Florida Bar No. 187798
jmcguire@tlolawfirm.com
601 South Boulevard
Tampa, FL 33606
Phone:  (813) 984-3060

*Attorneys for Defendant Journalism Development Network, Inc.*

## CERTIFICATE OF CONFERRAL

Pursuant to Local Rule 7.1(a)(3)(A) and this Court's Discovery Procedures Order, I hereby certify that counsel for the movant has conferred with counsel for Plaintiff in a good faith effort to resolve the issues but has been unable to resolve the issues.  I also hereby certify that I have confirmed Plaintiff's counsel's availability on the dates proposed above.

/s/ *Dana J. McElroy*
Attorney

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this **14th** day of **August, 2024**, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all parties and counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

/s/ *Dana J. McElroy*
Attorney