**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 23-61256-CIV-BECCERA/STRAUSS**

MONARCH AIR GROUP, LLC,
a Florida Limited Liability Company,

    Plaintiff,

v.

JOURNALISM DEVELOPMENT
NETWORK, INC., A Maryland Corporation,
and LILY DOBROVOLSKAYA,

    Defendants.
_____/

**JOINT DISCOVERY STATUS REPORT**
**[RELATING TO DEFENDANT JOURNALISM DEVELOPMENT NETWORK, INC.'S FIRST REQUESTS FOR PRODUCTION]**

Pursuant to this Court's Discovery Procedures Order [ECF No. 63], Defendant Journalism Development Network, Inc. ("JDN") and Plaintiff Monarch Air Group, LLC ("Monarch") (collectively, the "Parties"), by and through their undersigned counsel, hereby file this Joint Discover Status Report in advance of the hearing scheduled by the Court [ECF No. 79] for Wednesday, September 18, at 2:00 p.m. on JDN's Notice of Discovery Dispute (Financial Records) [ECF No.77]. The Parties state as follows:

| **Request No. 17**: All Documents which evidence the "financial harm and damage" you contend you suffered as a result of the publication of the Article, as alleged in paragraph 52 of the Complaint. Response: None at this time. | | |
|---|---|---|
| Movant JDN's Position: This request seeks documents about Monarch's damages. In its Complaint, Monarch pleads that the article at issue caused "financial harm and damage as a direct result of [the] publication" and "loss of income, diminution in value of its shares, loss of goodwill, and other economic loss." Likewise, in interrogatory answers, Monarch identified specific damage amounts it claims to have suffered in Count I ($63,000) and Count II ($63,000).    Monarch is an airline charter company, meaning it operates in a highly regulated industry, and its revenue in 2021 was in excess of $50 million. In light of these facts, Monarch's statement that it has no responsive documents about its alleged financial harm is not credible, nor consistent with the Complaint or its interrogatory answers. For example, Monarch should have records evidencing its pre- and post-"defamation" revenue, its costs, sales, profits, losses, debt and credit, sales agreements, valuations, forecasts, and budgets, among other standard financial records. JDN needs such records to enable an expert to analyze Monarch's purported damages. | Opponent Monarch's Position: Such documents are not relevant or proportional to the needs of the case. Monarch's damages are $63,000 and Monarch stipulated that its damages would not exceed $75,000. Additionally, Monarch is now only seeking monetary compensation for reputational harm. For the above reasons Monarch does not have any documents responsive to the above request. | |

| **Request No. 18:** All Documents which support or You contend support any damages you seek in this action.<br><br>Response: See response to No. 17. | | |
|---|---|---|
| Movant JDN's Position:<br>This Request is somewhat broader than Request No. 17 and seeks documents that could be used to support any potential damages theory Monarch proffers in this matter, including any basis for "compensatory and consequential damages" as alleged in the Complaint. *See* Compl. at pp. 9, 10.<br><br>   Once again, Monarch's claim that it has no responsive documents is not credible given Monarch's pleadings, its type of business, and its substantial yearly revenue. No legitimate business would fail to create or maintain such records. Monarch should be ordered to undertake a thorough search of its records and to produce documents responsive to this Request. | Opponent Monarch's Position: See above. Monarch has not identified any such documents at this time. If the answer changes, Monarch will supplements its response as required by Rule 26. | |

| | | |
|---|---|---|
| **Request No. 19**: All Documents which evidence the damages You seek for Count I of the Complaint, including but not limited to the "damage to [Monarch's] reputation, as well as loss of income, diminution in value of its shares, loss of goodwill, and other economic losses" as alleged in paragraph 58 of the Complaint.<br><br>Response: See response no. 17. | | |
| Movant JDN's Position:<br>The Complaint asserts two counts against JDN – Count I for defamation per se and Count II for defamation by implication. This Request seeks records supporting Monarch's damage claim for Count I.<br>   The Complaint alleges specific damages (as quoted in Request 19), and Monarch's interrogatory answers state that Monarch has incurred "around $63,000" related to Count I.<br>   As explained above, Monarch's position that it has no responsive records is not credible in light of Monarch's annual revenue, the industry in which it competes, its pleadings, its interrogatory answers, or common sense. Monarch should be ordered to undertake a thorough search of its records and to produce documents responsive to this Request. | Opponent Monarch's Position:<br>See above. | |

| | | |
|---|---|---|
| **Request No. 20**: All Documents which evidence the damages You seek for Count II of the Complaint, including but not limited to the "substantial damages" as alleged in paragraph 62 of the Complaint. <br><br> Response: See response No. 17. | | |
| Movant JDN's Position: Count II of the Complaint asserts a claim for defamation by implication. This Request seeks records supporting Monarch's damage claim for Count II. <br><br>    The Complaint alleges specific damages (as quoted in Request 20), and Monarch's interrogatory answers state that Monarch has incurred "around $63,000" related to Count II. <br><br>    As detailed above, Monarch's position that it has no responsive records is not credible in light of Monarch's annual revenue, the industry in which it competes, its pleadings, its interrogatory answers, or common sense. Monarch should be ordered to undertake a thorough search of its records and to produce documents responsive to this Request. | Opponent Monarch's Position: See above. | |

**Request No. 22**: All state and federal corporate income tax returns, including all schedules and attachments, filed by Monarch for the years 2018 to the present

Response: Monarch objects to this request as overbroad, as seeking materials not relevant to any party's claims or defenses and not proportional to the needs of the case. Specifically, in its Complaint, Monarch is suing for defamation and defamation by implication arising from a number of specific false and defamatory statements or implications contained in the Article. JDN accordingly is not entitled to materials which do not relate to the statements at issue or corresponding defenses, and which comprise a voluminous number of materials unrelated to the statements at issue or any defense.

Moreover, this request is not proportional to the needs of this case as the Plaintiff's claimed damages amount to $63,000, which does not justify the expansive scope of information being requested. The request seeks information beyond what is reasonably necessary to address the claims and defenses in this matter, imposing an undue burden on the Plaintiff without a corresponding benefit to the resolution of the dispute.

Finally, Monarch objects to this request on the grounds that it seeks privileged and confidential information that is proprietary to Monarch. The information requested includes sensitive business data that is protected by privilege and confidentiality, and its disclosure would harm Monarch's competitive position.

Without waiving these objections, see documents responsive to Request No. 2 [in which Monarch agreed to produce its "redacted tax returns for 2018-2021."]

| Movant JDN's Position: | Opponent Monarch's Position: | |
|---|---|---|
| Monarch produced "redacted" tax returns for 2018 to 2021 revealing only gross receipts or sales. However, because the article at issue was published in November 2020, and revised in June 2021, it is not possible to evaluate whether or to what extent Monarch has been injured based on tax records ending in 2021. Since a confidentiality order is now in place, Monarch should be ordered to produce unredacted tax returns from 2018 to the present. Additionally, the complete tax returns are relevant to the existence and quantum of compensatory reputational and other claimed damages. The documents sought accordingly are directly relevant. | See above. Additionally, Monarch does not believe that the tax returns are relevant beyond the top line numbers and its ownership structure (which information is responsive to another request). Monarch's tax returns are full of information that is not relevant to this case including constitutionally protected private information of other people that are not Monarch. JDN knows what tax returns include and has not identified what specific information or sections it believes are relevant and necessary. Without that information, Monarch has produced what it believes is relevant. Notwithstanding the above, Monarch will provide less redacted tax returns including information showing | |

6

|  | Monarch's gross margin. Monarch will keep redacted any information that identifies counterparties to Monarch's transactions. Monarch will agree to provide this information if JDN agrees to not seek more information from the tax returns. |  |
|---|---|---|

| | | |
|---|---|---|
| **Request No. 23:** All documents provided to your tax preparer or accountant to prepare Monarch's income tax returns from January 1, 2018, through the present.<br><br>Response: Monarch objects to this request as overbroad, as seeking materials not relevant to any party's claims or defenses and not proportional to the needs of the case. Specifically, in its Complaint, Monarch is suing for defamation and defamation by implication arising from a number of specific false and defamatory statements or implications contained in the Article. JDN accordingly is not entitled to materials which do not relate to the statements at issue or corresponding defenses, and which comprise a voluminous number of materials unrelated to the statements at issue or any defense.<br>   Moreover, this request is not proportional to the needs of this case as the Plaintiff's claimed damages amount to $63,000, which does not justify the expansive scope of information being requested. The request seeks information beyond what is reasonably necessary to address the claims and defenses in this matter, imposing an undue burden on the Plaintiff without a corresponding benefit to the resolution of the dispute.<br>   Finally, Monarch objects to this request on the grounds that it seeks privileged and confidential information that is proprietary to Monarch. The information requested includes sensitive business data that is protected by privilege and confidentiality, and its disclosure would harm Monarch's competitive position.<br>   Without waiving these objections, none. | | |
| Movant JDN's Position:<br>This Request seeks records that Monarch provided to its tax preparer in connection with its income tax returns. As explained above, Monarch should be ordered to produce unredacted tax returns.<br>   Monarch also should be ordered to produce the records used to prepare the returns because there is no way to corroborate the accuracy of the returns without such records. Those records may be marked as *confidential* under the confidentiality order in this matter. Monarch's statement that it has no responsive records is plainly not credible. At a minimum, Monarch's tax preparer should have the records and can deliver them to Monarch for production. | Opponent Monarch's Position: See above responses. Monarch obviously provided information to its tax preparer or accountant. But Monarch does not maintain that information separately that would allow to know which specific documents are responsive to this request. | |

8

**Request No. 28:** All financial statements, profit and loss statements, and similar financial documents for Monarch from January 1, 2018, through the present.

Response: Monarch objects to this request as overbroad, as seeking materials not relevant to any party's claims or defenses and not proportional to the needs of the case. Specifically, in its Complaint, Monarch is suing for defamation and defamation by implication arising from a number of specific false and defamatory statements or implications contained in the Article. JDN accordingly is not entitled to materials which do not relate to the statements at issue or corresponding defenses, and which comprise a voluminous number of materials unrelated to the statements at issue or any defense.

   Moreover, this request is not proportional to the needs of this case as the Plaintiff's claimed damages amount to $63,000, which does not justify the expansive scope of information being requested. The request seeks information beyond what is reasonably necessary to address the claims and defenses in this matter, imposing an undue burden on the Plaintiff without a corresponding benefit to the resolution of the dispute.

   Finally, Monarch objects to this request on the grounds that it seeks privileged and confidential information that is proprietary to Monarch. The information requested includes sensitive business data that is protected by privilege and confidentiality, and its disclosure would harm Monarch's competitive position.

Without waiving these objections, none.

| Movant JDN's Position: | Opponent Monarch's Position: | |
|---|---|---|
| Monarch now says that it *does have* P&L statements but objects to producing them. Those objections, however, are unfounded. The Request is not over broad, irrelevant, or disproportionate because the Complaint pleads special (i.e. "compensatory" and "consequential") damages, which JDH has the right to investigate through standard financial discovery. Also, the records are easily located and may be marked *confidential* before being produced.<br><br>  To the extent that Monarch now claims only general or compensatory reputational damages, JDN may still challenge the existence and quantum of those damages. The documents sought accordingly are directly relevant to that issue. | Monarch has since advised JDN that the response "none" was mistaken.<br><br>See above responses. JDN has Monarch's top line income numbers for the relevant years. The additional information contained within the requested documents includes a lot of information that is not relevant and is Monarch's private financial information.<br><br>Monarch agrees to provide financial statements that will show its gross margins for 2018-2021 if JDN accepts that as sufficient and does not demand more. | |

9

| **Request No. 29**: All Documents which support or You contend support your allegation that You are entitled to "compensatory" and "consequential" damages, as alleged in the "wherefore" clauses in the Complaint. Response: Monarch objects to this request to the extent it calls for a legal conclusion. Whether Monarch is entitled to "compensatory" and "consequential" damages is a question of law and is a pure legal conclusion.    Without waiving these objections, none. | | |
|---|---|---|
| Movant JDN's Position: This Request is similar to other Requests (*i.e.*, Nos. 17-20). For all of the reasons stated above in connection with those Requests, this information is undoubtedly important and Monarch's position that it has no responsive documents is not credible. Monarch should be ordered to search for and produce these records. | Opponent Monarch's Position: See above responses about damage specific requests. | |

| | | |
|---|---|---|
| **Request No. 30:** All Documents reflecting or referring to the amount and type of damages to which you contend you are entitled.<br><br>Response: See response to No. 17. | | |
| Movant JDN's Position:<br>This Request is similar to other Requests above but is focused not so much on financial records as on internal or external communications, memos, analyses, and the like, which discuss or refer to the damages Monarch contends it experienced as a result of the allegedly defamatory Article.<br>   For example, after the Article was originally published, Monarch sent detailed correspondence to JDN challenging the facts reported in the article and claiming "millions of dollars" in lost revenue as a result of the Article. Thus, it is clear both that Monarch has at least some correspondence responsive to this Request and that Monarch's incorporation of its response to Request No. 17 is misplaced, since the two Requests seek largely distinct groups of documents.<br>   Monarch should be ordered to search for and produce records discussing, concerning, or relating to Monarch's claimed damages arising from the Article. | Opponent Monarch's Position:<br>See response to seventeen. | |

11

| | | |
|---|---|---|
| **Request No. 31**: All Documents reflecting or evidencing all customers and/or business Monarch has allegedly lost as a result of the publication of the Article.<br><br>Response: See response to No. 17. | | |
| Movant JDN's Position:<br>Like Request No. 30, this Request is not focused on financial records so much as it is on correspondence, memos, customer lists, and the like that discuss or reflect existing or potential customers or business opportunities that Monarch purports to have lost as a result of the Article.<br>    The Complaint alleges that, because of the Article, Monarch's "business was harmed and damaged." Any documents discussing or referring to the ways in which the business was allegedly harmed would be responsive to this Request, including any communications with existing or potential customers who expressed a negative view of Monarch as a result of the Article. The incorporation here of Monarch's response to Request No. 17 is misplaced, since the two Requests seek largely distinct groups of documents.<br>    Monarch should be ordered to search for and produce any records relating to, discussing, or concerning Monarch's claimed damages arising from the Article. | Opponent Monarch's Position: See position stated in response to seventeen. | |

## CERTIFICATE OF CONFERRAL

Pursuant to Local Rule 7.1(a)(3)A) and this Court's Discovery Procedures Order, we hereby certify that the undersigned counsel conferred in a good faith effort to resolve the issues prior to filing this joint report, but were unable to do so.

Respectfully submitted,

| STOK KON+ BRAVERMAN | THOMAS & LOCICERO PL |
|---|---|
| By: /s/ *Yosef Y. Kudan* <br> Joshua R. Kon <br> Florida Bar No. 56147 <br> jkon@stoklaw.com <br> Yosef Y. Kudan <br> Florida Bar No. 1010261 <br> ykudan@stoklaw.com <br> One East Broward Boulevard. Ste. 915 <br> Fort Lauderdale, FL 33301 <br> Phone: (954) 237-1777 <br><br> *Attorneys for Plaintiff* <br> *Monarch Air Group, LLC* | By: /s/ *Dana J. McElroy* <br> Dana J. McElroy <br> Florida Bar No. 845906 <br> dmcelroy@tlolawfirm.com <br> Daniela Abratt-Cohen <br> Florida Bar No. 118053 <br> dacohen@tlolawfirm.com <br> 915 Middle River Drive <br> Suiste 309 <br> Fort Lauderdale, FL 33304 <br> Phone: (954) 703-3416 <br><br> -and- <br><br> James J. McGuire <br> Florida Bar No. 187798 <br> jmcguire@tlolawfirm.com <br> lnorbut@tlolawfirm.com <br> 601 South Boulevard <br> Tampa, FL 33606 <br> Phone: (813) 984-3060 <br><br> *Attorneys for Defendant* <br> *Journalism Development Network, Inc.* |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this **11th** day of **September, 2024**, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all parties and counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

/s/ *Dana J. McElroy*
Attorney