**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No.: 23-cv-61256-JB

MONARCH AIR GROUP, LLC,

    Plaintiff,

v.

JOURNALISM DEVELOPMENT
NETWORK, INC., and LILY
DOBROVOLSKAYA,

    Defendants.
_____/

**ORDER ON LILY DOBROVOLSKYA'S**
**MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF**
**PROCESS, LACK OF JURISDICTION, AND FAILURE TO STATE A CLAIM**

**THIS CAUSE** came before the Court upon Defendant, Lily Dobrovolskya's[1] (the "Individual Defendant"), Motion to Dismiss for Insufficient Service of Process, Lack of Jurisdiction, and Failure to State a Claim (the "Motion"), ECF No. [45]. Plaintiff, Monarch Air Group, LLC ("Plaintiff"), filed a response in opposition to the Motion, ECF No. [49], and the Individual Defendant filed a reply, ECF No. [53]. Upon due consideration of the parties' written submissions, the pertinent portions of the record, and the relevant authorities, it is hereby **ORDERED AND ADJUDGED** that the Motion is **GRANTED IN PART AND DENIED IN PART** as set forth herein.

---

[1] The Individual Defendant's name is spelled "Lili Dobrovolskaia." ECF No. [45] at 1 n.1.

1

I.     **FACTUAL BACKGROUND**

    *a. Flight of the Monarch*

On November 27, 2020, the Individual Defendant, a "freelance investigative journalist,"[2] and the Journalism Development Network Inc. (the "Corporate Defendant"), "the publisher of a news reporting website at occrp.com," published an article via the Organized Crime and Corruption Report Project titled, "*Flight of the Monarch: US Gov't Contracted Airline Once Owned by Russian Criminals*" (the "Article"). ECF Nos. [1] at 2; [1-2] at 7, 10, 20–33. The next day, on November 28, 2020, the Individual Defendant published the following tweet on her Twitter (now known as X) account (the "Tweet"):

> Monarch has a division called Mercury Jets which has no legal presence in the U.S. Mercury's website domain info shows it was registered by an eponymous company in Moscow and lists a contact email address of a Moscow-based commercial bank Sibcontact bank.

ECF No. [1-2] at 16, 189. In March 2021, Plaintiff contacted the Corporate Defendant's "principal officer," Andrew Sullivan, regarding alleged inaccuracies in the Article, and in June 2021, the Article was revised (the "Revised Article," and together with the Article, the "Articles"). *Id.* at 8.

Believing the Articles and Tweet to be defamatory, Plaintiff filed this action[3] against the Individual Defendant and the Corporate Defendant on November 23,

---

[2] The Individual Defendant has submitted a declaration stating that she is a Russian citizen domiciled in New York, New York, contrary to the allegations of the Complaint. ECF Nos. [1-2] at 10; [1-7] at ¶ 3.

[3] The case was initiated in the Seventeenth Judicial Circuit in and for Broward County, Florida and subsequently removed to this Court. *See generally* ECF No. [1].

2022. *Id.* at 7. According to Plaintiff, the Article incorporates "multiple factually false statements, misleading innuendos, and unsupported claims about criminal activity and corruption" that insinuate that Plaintiff is involved in criminal activity. *Id.* Plaintiff also maintains that the Revised Article "remains defamatory." *Id.* at 8. As for the Tweet, Plaintiff alleges that it constitutes a false and defamatory statement. *Id.* at 16.

Plaintiff asserts three claims against the Individual Defendant: (1) Count I for Defamation *Per Se* based on the Articles; (2) Count II for Defamation by Implication based on the Articles; and (3) Count III for Defamation *Per Se* based on the Tweet. *Id.* at 14–17.

### b. Service Upon the Individual Defendant

At the time of removal, Plaintiff had yet to execute service of process upon the Individual Defendant despite multiple extensions of the service deadline. *See* ECF Nos. [1] at ¶¶ 31–32; [1-2] at 256–57, 276–89, 314–31, 350–51. The state court rejected Plaintiff's attempts to serve the Individual Defendant by alternative means, deeming service by "text message, Messenger, and LinkedIn" inappropriate and quashing service via the Florida Secretary of State as invalid. *Id.* at 216–231, 256–57, 314–31, 350–51.

Following removal, the Court ordered Plaintiff to file proof of service as to the Individual Defendant by October 12, 2023, and advised that failure to do so would result in dismissal as against the Individual Defendant without further notice. ECF No. [29]. The Court subsequently extended that deadline to December 13, 2023. ECF

No. [33]. Plaintiff then propounded an interrogatory upon the Corporate Defendant, asking it to "[i]dentify any address that [the Individual Defendant] . . . lives or lived at, works . . . at, or that [it] know[s] she frequents or frequented. . . ." ECF No. [45-2] at 4. In response, the Corporate Defendant stated it had no knowledge of any addresses for the Individual Defendant "except for her last known address of 245 E. 10th Street Apt. 3, New York, NY 10009" (the "New York Address"). *Id.*

On December 11, 2023, Plaintiff filed two documents ostensibly showing service upon the Individual Defendant at her "residence or usual place of abode," the New York Address. ECF No. [38].

## II.   THE INSTANT MOTION

The Individual Defendant's grounds for seeking dismissal are twofold. First, the Individual Defendant submits that Plaintiff's causes of action against her should be dismissed with prejudice because Plaintiff did not serve her with pre-suit notice as mandated by Section 770.01, Florida Statutes (the "Statute") and cannot do so now that the statute of limitations has expired. ECF Nos. [45] at 13–18; [45-3] at ¶ 10. Next, the Individual Defendant reasons that the Complaint should be dismissed as against her for insufficient service of process and lack of personal jurisdiction. ECF No. [45] at 6–12. Specifically, the Individual Defendant argues that Plaintiff did not properly serve her according to applicable law, as she was never personally served, and the location where Plaintiff endeavored to effectuate service was not her dwelling or usual place of abode. *Id.* In fact, in a sworn declaration (the "Declaration"), the Individual Defendant attests that she did not reside at the New York Address at the

4

time of service, having left there in December 2019—years before Plaintiff filed this action.  ECF No. [45–3] at ¶¶ 3–8.

Plaintiff opposes the Motion, arguing it did not have to serve the Individual Defendant with pre-suit notice because it supplied *the Corporate Defendant* with notice.  ECF No. [49] at 3–5.  More precisely, Plaintiff posits that it would have been futile to serve the Individual Defendant with notice before filing suit because she, unlike the Corporate Defendant, was not empowered to retract or correct the Articles.  *Id.* at 4–5.  As an alternative theory, Plaintiff argues it was not obligated to send pre-suit notice to the Individual Defendant because she "was not a media defendant while sending her defamatory Tweet" and her Twitter account was used for personal purposes, nudging the publication outside the scope of the Statute.  *Id.* at 5–6.  Regarding service of process, Plaintiff maintains that the Individual Defendant's Declaration falls short of rebutting the record evidence of adequate service upon her.  *Id.* at 1–2.  As a secondary position, Plaintiff seeks to resolve, through jurisdictional discovery, the factual dispute of whether the Individual Defendant resided at the New York Address on the date of service.  *Id.* at 3.

The Individual Defendant addresses each argument in reply, asserting that Plaintiff (1) has failed to contradict her Declaration; (2) is not entitled to jurisdictional discovery; and (3) was, in fact, obliged to serve the Individual Defendant with pre-suit notice for both the Articles and the Tweet, which it indisputably did not.  ECF No. [53] at 2–6.

5

## III. LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). At the motion to dismiss stage, courts view complaints in the light most favorable to the plaintiff and accept the plaintiff's well-pleaded facts as true. *Hunt v. Aimco Props., L.P.*, 814 F.3d 1213, 1218 n.2 (11th Cir. 2016). However, a court need not accept a plaintiff's legal conclusions as true. *Iqbal,* 556 U.S. at 678. A pleading is facially plausible when it states enough facts to enable a "reasonable inference" that the defendant is liable for the alleged conduct. *Id.*

## IV. DISCUSSION

The Individual Defendant contends that Plaintiff's action against her should be dismissed with prejudice because she was not afforded pre-suit notice before Plaintiff commenced this action. ECF No. [45] at 13. The Statute provides that as a condition precedent for filing a civil action:

> "for publication or broadcast, in a newspaper, periodical, or other medium, of a libel or slander, the plaintiff shall, at least 5 days before instituting such action, serve notice in writing on the defendant, specifying the article or broadcast and the statements therein which he or she alleges to be false and defamatory."

Fla. Stat. § 770.01. "The purpose of the [S]tatute is to protect the public's interest in the free dissemination of news." *Mancini v. Personalized Air Conditioning & Heating, Inc.*, 702 So. 2d 1376, 1378 (Fla. 4th DCA 1997) (citing *Ross v. Gore*, 48 So. 2d 412, 415 (Fla. 1950)). Florida courts have interpreted this provision to apply only to "media defendants" rather than private individuals, "distinguish[ing] between . . .

third parties who are not engaged in the dissemination of news and information through the news and broadcast media from those who are so engaged." *Id.*; *Buckley v. Moore*, No. 20-CIV-61023-RAR, 2021 WL 3173185, at *5 (S.D. Fla. July 26, 2021). The Statute is applicable to actions against a publishing entity as well as the "individual columnists, reporters and editorial writers who write for" it. *Comins v. Vanvoorhis*, 135 So. 3d 545, 554 (Fla. 5th DCA 2014); *Barbuto v. Miami Herald Media Company*, No. 21-cv-20608-BB, 2021 WL 4244870, at *2–3 (S.D. Fla. Sept. 17, 2021).

"Failure to comply with the notice provision of section 770.01 requires dismissal of the complaint for failure to state a cause of action." *Mancini*, 702 So. 2d at 1377. "If sufficient time remains for compliance, dismissal is without prejudice and with leave to cure; otherwise, dismissal is with prejudice." *Intihar v. Citizens Info. Assocs., LLC*, No. 2:12-cv-720-FTM-29CM, 2014 WL 842464, at *3 (M.D. Fla. Mar. 4, 2014) (quoting *City of Coconut Creek v. City of Deerfield Beach*, 840 So. 2d 389, 393 (Fla. 4th DCA 2003)). "Under Florida law, a two-year statute of limitations applies to claims for defamation." *Barbuto*, 2021 WL 4244870, at *3 (citing Fla. Stat. § 95.11(4)(g)). The period begins to run when the allegedly defamatory statements are first published in Florida. *See Wagner, Nugent, Johnson, Roth, Romano, Erikson & Kupfer, P.A. v. Flanagan*, 629 So. 2d 113, 114–15 (Fla. 1993).

In the case at bar, Plaintiff's claims for relief against the Individual Defendant are based on allegedly defamatory statements in the Articles and Tweet. From the Court's reading, Plaintiff does not dispute that it did not provide the Individual Defendant with the requisite pre-suit notice, whether for the Articles or the Tweet.

7

Although the Complaint states that "[a]ll conditions precedent to the institution of this action have been satisfied or otherwise excused, including the service of statutory notice on [the Corporate Defendant] and OCCRP," this noticeably omits any mention of the Individual Defendant, and in any event the Court need not accept Plaintiff's legal conclusion as true. ECF No. [1-2] at 10; *see Iqbal,* 556 U.S. at 678; *Holston v. Dawson*, No. 2:21-cv-202-SPC-NPM, 2022 WL 1177142, at *5 (M.D. Fla. Mar. 10, 2022) (explaining that the conclusion that all conditions precedent have been satisfied is "not entitled to a presumption of truth"). Indeed, the Individual Defendant has sworn under penalty of perjury that she received no such notice, an allegation Plaintiff makes no effort to rebut. ECF No. [45-3] at ¶ 10. Thus, the Court finds that Plaintiff did *not* serve the Individual Defendant with pre-suit notice and proceeds to assess whether Plaintiff was obligated to do so.[4]

---

[4] The Court is not persuaded by Plaintiff's argument that pre-suit notice to the Corporate Defendant, and the Individual Defendant's supposed inability to retract or make corrections to the statements at issue, rendered pre-suit notice upon the Individual Defendant unnecessary. *See* ECF No. [49] at 4–5. As a threshold matter, this does not account for the Tweet—published on the Individual Defendant's own account—which she presumably would have been able to retract or correct. Likewise, this reasoning simply ignores what the law unambiguously mandates based on a false premise of futility. On this point, Plaintiff's argument is nearly identical to the one rejected by the Court in *Mancini* with respect to the retraction law in Section 770.02, Florida Statutes. *See Mancini*, 702 So. 2d at 1379–80. Under this theory, the "essential function" of the Statute—notifying a defendant of an allegedly false and defamatory statement—would be entirely subverted whenever a defendant's ability to respond accordingly is called into doubt. *See Comins*, 135 So. 3d at 548 n.4. The Court declines to adopt this interpretation.

### A. Plaintiff Was Required to Serve the Individual Defendant with Pre-Suit Notice in Connection with the Articles

Plaintiff appears to argue it was not required to give the Individual Defendant pre-suit notice because she is not a media defendant. To determine if a defendant qualifies as a "media defendant" to whom statutory notice must be furnished, courts consider "whether the defendant engages in the traditional function of the news media, which is 'to initiate uninhibited, robust, and wide-open debate on public issues.'" *Tobinick v. Novella*, No. 9:14-cv-80781, 2015 WL 1191267, at *8 (S.D. Fla. Mar. 16, 2016) (quoting *Ortega Trujillo v. Banco Cent. Del Ecuador*, 17 F. Supp. 2d 1334, 1338 (S.D. Fla. 1998)). A media defendant includes not only "those who 'impartially disseminate information,' or 'issue unsolicited, disinterested and neutral commentary as to matters of public interest,'" but also "those who 'editorialize as to matters of public interest without being commissioned to do so by [their] clients.'" *Id.* at *8 (quoting *Ortega Trujillo*, 17 F. Supp. 2d at 1338) (alterations in original).

The Individual Defendant falls within the prevailing definition of "media defendant" under Florida law. According to the allegations of the Complaint, the Individual Defendant is a freelance investigative journalist who authored an article on the website of an investigative journalism organization. ECF No. [1-2] at ¶¶ 1, 23, 25. The article reports on the alleged criminal history of the prior owners of an entity that transported protected witnesses for the United States government. *Id.* at 20; *see also* ¶¶ 1, 23. Undoubtedly, the purported criminal history of a company's previous owners, particularly a company contracted to perform sensitive tasks for the government, is a matter of public interest. The Individual Defendant covered this

9

topic in her article, providing readers with the necessary information to form an opinion and proceed to engage in discourse and debate. In so doing, the Individual Defendant served precisely the same purpose as the news media and was therefore covered by section 770.01.

Likewise, the parties do not dispute that the Articles fall squarely within the scope of the Statute, making pre-suit notice on the Individual Defendant a prerequisite for filing this action against her based on alleged defamation in the Articles. Because Plaintiff failed to do so, Counts I and II of the Complaint for Defamation *Per Se* and Defamation by Implication based on the Articles must be dismissed as to the Individual Defendant.

Moreover, the Court finds that these counts must be dismissed with prejudice. According to the Complaint, the Article was published on the internet on November 27, 2020, and revised in June 2021. ECF No. [1-2] at ¶¶ 1, 6. Applying Florida's two-year statute of limitations for defamation actions, the time for Plaintiff to cure its non-compliance with the Statute expired in June 2023 at the latest. *See Barbuto*, 2021 WL 4244870, at *4–5 (dismissing a claim with prejudice for non-compliance with the Statute where it was "apparent from the face of the . . . Complaint that any claim of defamation against [the defendant] . . . [was] barred by the applicable statute of limitations) (footnote omitted). Thus, Counts I and II of the Complaint are **DISMISSED** as against the Individual Defendant **WITH PREJUDICE**.

### B. Plaintiff Fails to Sufficiently Allege That Pre-Suit Notice Was Not Required in Connection with the Tweet

As to the Tweet, which is the basis for Count III, Plaintiff approaches the issue somewhat differently, arguing that statutory pre-suit notice was not required because the Individual Defendant "was not a media defendant while sending her defamatory Tweet," and Twitter is not an "other medium" under the Statute. ECF No. [49] at 5–6. The Individual Defendant disputes this, reasoning that she is a media defendant because she is a professional journalist, and that the Tweet is within the purview of the Statute. ECF No. [53] at 9–10.

As noted above, the Court has already found that the Individual Defendant was a media defendant in connection with publication of the Articles. Plaintiff does not contend otherwise in its papers, but argues the Individual Defendant was not acting in this capacity when she published the Tweet. ECF No. [49] at 6–7. But Plaintiff does not discuss how the Individual Defendant could be a media defendant in one instance but not in another with respect to the same type of content. On this point, Plaintiff appears to be confusing the Statute's "media defendant" limitation with its "other medium" provision.

Instead, this argument is more properly construed as addressing whether the Individual Defendant's Twitter account is an "other medium" as contemplated by the Statute because, as urged elsewhere in Plaintiff's papers, the Individual Defendant used that platform for personal matters rather than "for public impact and feedback." *Id.* at 6–7. In other words, even though the Individual Defendant *is* a media defendant, the Statute does not mandate pre-suit notice as to Count III unless the

11

statements at issue therein were published on the type of platform covered by section 770.01. The Individual Defendant challenges this assertion on the grounds that the Tweet "plainly provide[s] news and information," supporting a finding that it was subject to the Statute's protection. ECF No. [53] at 9, 10 n.2.

The phrase "other medium" encompasses statements in both print and online sources so long as these sources publish "the kind of content newspapers, broadcasters, and periodicals publish . . . ." *McQueen v. Baskin*, 377 So. 3d 170, 181 (Fla. 2d DCA 2023). To make this determination, courts consider "whether the [medium] is operated to further the free dissemination of information *or* disinterested and neutral commentary or editorializing as to matters of public interest." *Comins*, 135 So. 3d at 557 (citing *Ross*, 48 So. 2d at 415). On this question, "it is hard to dispute that the advent of the internet as a medium and the emergence of the blog as a means of free dissemination of news and public comment have been transformative." *Id.* at 559. The same is true of some social media sites, such as Twitter, where media outlets that would clearly be covered by the pre-suit notice requirements maintain accounts as another means of disseminating the information they publish on traditional platforms. *See e.g.,* @CNN, TWITTER, https://x.com/CNN; @ABC, TWITTER, https://x.com/ABC?ref_src=twsrc%5Egoogle%7Ctwcamp%5Eserp%7Ctwgr%5Eauthor.

The analysis is less clear in this case, where the Individual Defendant, a journalist, may use her Twitter account to disseminate news and neutral commentary (clearly covered by the Statute) or for personal or more private uses like commenting

on personal posts of friends and family (a purpose not contemplated by the Statute). The Complaint attaches screenshots of the Tweet and one other post from the Individual Defendant's Twitter account, but it is otherwise silent as to how the Individual Defendant operated this account and the type of content she published on that medium. ECF No. [1-2] at 81. As such, Plaintiff has failed to adequately allege that the Individual Defendant utilized her Twitter account to disseminate information of personal (as opposed to public) interest. Indeed, the Complaint fails to provide any factual allegations to support the conclusion that the account was outside the purview of the Statute.

It may be true that the Individual Defendant did not operate her Twitter account to further the free dissemination of news and public comment. However, in light of the Court's findings above on Counts I and II, and the dearth of relevant factual allegations in the Complaint, the Court cannot assume that the Twitter account here falls outside the Statute. If there were sufficient allegations in the Complaint to conclude that pre-suit notice was not required, Count III could proceed as alleged. However, on this record, the Court is unable to make that determination.

Given that it is undisputed Plaintiff did not serve pre-suit notice on the Individual Defendant, her Motion to Dismiss as to Count III is **GRANTED WITHOUT PREJUDICE**. Plaintiff may file an amended complaint to cure the deficiencies noted herein as to Count III **only** within **fourteen days** from the date of this Order. If Plaintiff fails to comply with this deadline, there will be no remaining claims against the Individual Defendant in this case, and the Court will instruct the

13

Clerk to terminate the Individual Defendant from the docket without further notice. If Plaintiff timely files an amended complaint, the Individual Defendant may raise her arguments as to the sufficiency of service at that time.

**DONE AND ORDERED** in Miami, Florida, this 16th day of September, 2024.

_____
**JACQUELINE BECERRA**
**UNITED STATES DISTRICT JUDGE**