IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 23-cv-61256-JB

MONARCH AIR GROUP, LLC,

  Plaintiff,

v.

JOURNALISM DEVELOPMENT
NETWORK, INC., and LILY
DOBROVOLSKAYA,

  Defendants.
_____/

**DEFENDANT JOURNALISM DEVELOPMENT NETWORK, INC.'S
UNOPPOSED MOTION TO MODIFY SCHEDULING ORDER
AND INCORPORATED MEMORANDUM OF LAW**

Defendant Journalism Development Network, Inc. ("JDN"), pursuant to Fed. R. Civ. P. 16(b)(4), hereby moves *unopposed* to modify the Court's scheduling order by extending the remaining pretrial deadlines and continuing the trial for ninety (90) days. As demonstrated, good cause exists for the requested modification because -- despite its diligence -- JDN cannot complete necessary discovery and prepare related pretrial motions within the current schedule. Among other things, JDN anticipates that Plaintiff Monarch Air Group, LLC will amend its claim (in Count III) against Defendant Lily Dobrovolskaya, who contends she has not been timely served with process. Additionally, because of the unique procedural history of this case, the parties did not begin discovery in earnest until after entry of the Court's scheduling order in late May -- after which time JDN has moved forward expeditiously. JDN also has met all of the currently-set pretrial deadlines, including successfully pressing to schedule mediation and timely disclosing its damages expert (with a preliminary report). Each point is discussed below.

# I.

## RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

This is a defamation case filed by Plaintiff Monarch Air Group, LLC ("Plaintiff" or "Monarch") against Defendants JDN, the publisher of a news reporting website at occrp.com, and Lily Dobrovolskaya, a freelance journalist ("Dobrovolskaya"). The Complaint originally asserted three causes of action, alleging in Count I that certain statements in an article appearing on JDN's website are defamatory per se, alleging in Count II that omissions and juxtapositions in the same article are defamatory by implication, and alleging in Count III (only against Dobrovolskaya) that a separate Twitter post is defamatory per se. *See* Complaint, ECF No. [1-2] at 7-82.

The case currently is scheduled for trial beginning on May 19, 2025. The *remaining* pretrial deadlines are as follows: rebuttal expert disclosures due on October 21, 2025; all discovery shall be completed on November 20; mediation completed by November 27; dispositive pretrial and *Daubert* motions due on January 20, 2025; all other pretrial motions due on March 31; joint pretrial stipulation due on May 6. ECF No. [62].

The parties have scheduled mediation for November 12. ECF No. [76]. Additionally, JDN timely served its expert witness disclosure, with a preliminary report, on September 23. Plaintiff did not serve an expert disclosure.

### A. History of Proceedings

Although it was filed in state court nearly two years ago, this case has been delayed by unique circumstances, including protracted briefing on Plaintiff's motion for remand following removal, an ongoing dispute over service of process on Dobrovolskaya, a transfer from Judge Cannon to this Court earlier this year, and a recent ruling dismissing Plaintiff's claims against Dobrovolskaya with leave to amend Count III.

Specifically, Plaintiff originally filed its Complaint in Broward County Circuit Court on November 23, 2022. ECF No. [1-2] at 7-82. On June 30, 2023, after conducting limited discovery concerning Plaintiff's claimed damages, JDN removed the case to this Court pursuant to 28 U.S.C. 1332(a)(3) (federal diversity statute). *See* Notice of Removal, ECF No [ 1]. Prior to removal, and as recently recognized by the Court in its September 17, 2024 dismissal order, Plaintiff had not yet served Dobrovolskaya with process. ECF No. [83] at 3.

After removal, Plaintiff moved to remand the case to state court, ECF No. [14], which Judge Cannon denied on September 25, 2023. ECF No. [23]. Thereafter, Plaintiff moved for reconsideration of the Court's ruling on remand, which also was denied after full briefing. ECF No. [37]. In this same order, Judge Cannon required Plaintiff to file proof of service on Dobrovolskaya prior to December 13, 2023. *See id.* at 4.

On December 11, 2023, Monarch filed a notice of purported service on Dobrovolskaya. ECF No. [38]. The parties also filed their first Joint Scheduling Report on December 19, 2023, ECF No. [42], which was stricken by Judge Cannon as premature, ECF No. [44], because of the ongoing challenge by Dobrovolskaya to service of process. For this same reason, Judge Cannon also stayed discovery until February 16, 2024. *Id.*

Dobrovolskaya then filed a motion to dismiss based on insufficient service of process, lack of personal jurisdiction, and failure to state a claim on January 10, 2024. ECF No. [45]. After various extensions to respond and reply were granted, briefing on the motion to dismiss concluded on February 27. ECF No. [53].

About a week later, on March 7, this case was reassigned from Judge Cannon to this Court. ECF No. [54]. The Court thereafter entered an order requiring the parties to submit a joint

3

scheduling report, ECF Nos. [55, 57], which was filed on April 19.  ECF No. [60].  The parties exchanged initial disclosures on May 6, 2024.

The Court entered its scheduling order on May 28, ECF No. [62], and also recently issued an order granting Dobrovolskaya's motion to dismiss in part, ECF No. [83].  In its order, the Court dismissed Counts I and II against Dobrovolskaya with prejudice, but has allowed Plaintiff until October 1 to amend only Count III of the Complaint.  *Id.* at 13.  JDN anticipates that Plaintiff will do so.  As the Court noted in its order, the question of whether Dobrovolskaya has properly been served with process remains pending.  *Id.* at 14.

**B.      Discovery to Date**

On the day after the Court entered its scheduling order (May 29), Plaintiff served JDN with its First Requests for Production and Second Set of Interrogatories.  Less than a week later, on June 4, JDN served Plaintiff with its First Request for Production and First Set of Interrogatories.  The parties mutually agreed to 30-day extensions for their responses and objections to this initial round of discovery, which were due on July 29 and August 5, respectively.

Early in this process, JDN sought a confidentiality agreement and/or stipulated order from Plaintiff to facilitate the production of documents and information between the parties.   Plaintiff initially refused, which forced JDN to file a Notice of Discovery Dispute (on August 14) concerning the confidentiality agreement or order.  ECF No. [69].  JDN additionally sought verified answers to its first interrogatories and production of documents, both of which were overdue after an additional extension.  *Id.*

After Magistrate Judge Strauss entered an order scheduling a Discovery Hearing, ECF No. [71], Plaintiff ultimately agreed to entry of a confidentiality order, served verified responses to JDN's interrogatories and otherwise resolved issues concerning further production at that point.

4

*See* Joint Discovery Status Report, filed August 21, 2024, ECF No. [72].  On August 22, Magistrate Judge Strauss entered a Confidentiality Order in response to the parties' joint motion. ECF No. [75].

After Plaintiff produced a very limited number of documents in response to JDN's request for production, the parties continued to confer -- particularly regarding the production of documents supporting Plaintiff's damages claims and financial documents due to the looming expert deadline on September 23.   When Plaintiff refused to produce such documents, JDN filed a second Notice of Discovery Dispute on September 5.  ECF No. [77].

Specifically, on August 26, Plaintiff produced four heavily redacted tax returns in response to JDN's request concerning documents reflecting ownership of Monarch.  Plaintiff also amended its responses and objections to JDN's request for production claiming alternatively that: (1) it had no documents to support or evidence its damages and (b) objecting to production of financial documents.  *See* Joint Discovery Status Report, filed September 11, ECF No. [82].  After a hearing on September 18, Magistrate Judge Strauss entered a Discovery Order requiring Plaintiff to produce documents evidencing its damages claims, if any, and specified financial documents on September 20.  ECF No. [86].  In response, Monarch produced the financial documents sought in JDN request numbers 22 and 28 late in the afternoon on September 20.

As a result of this delayed production, JDN's expert, David H. Cowheard CPA, was not able to review Plaintiff's complete tax returns and other financial documents produced prior to the September 23 expert disclosure deadline.  JDN accordingly disclosed Mr. Cowheard in compliance with the Court's scheduling order and served a *preliminary* report, which will require supplementation after analysis of Plaintiff's additional production.

5

And finally, in response to Plaintiff's discovery requests, JDN has produced approximately 1,300 pages of records and served a detailed privilege log concerning materials being withheld as work product. In response to JDN's requests, Plaintiff has served approximately 250 pages of records to date. JDN anticipates it will continue to provide materials in rolling productions, but also believes there potentially will be ongoing discovery disputes concerning the scope of Plaintiff's requests and JDN's claims of privilege – both as to records sought and the identities of confidential sources in the article at issue. Both parties also have served additional written discovery, and are continuing to confer concerning their respective objections and continued production of documents prior to scheduling depositions.

## II.

## DISCUSSION

A court may modify its scheduling order upon a showing of "good cause." Fed. R. Civ. P. 16(b)(4). To establish good cause, the party seeking to extend or modify pretrial and trial dates must demonstrate that "the schedule cannot be met despite the diligence of the party seeking the extension." *See Damian v. Melton*, No. 1-22-CV-22606-King, 2024 WL 3650418, at *1 (S.D. Fla. March 28, 2024) (internal citation and quotation omitted). Moreover, courts enjoy broad discretion in "how to best manage the cases before them." *See Beal v. School Bd. of Sarasota Cty.*, No. 8:22-cv-2529-JSS, 2023 WL 5720706 (M.D. Fla. Sept. 5, 2023). As discussed below, JDN has met this standard. A 90-day extension of the remaining pretrial deadlines and trial thus is warranted.

### A.    JDN has Acted Diligently to Meet the Court's Pretrial Deadlines

Since the Court's scheduling order was entered on May 28, JDN has diligently pursued the discovery necessary to defend against Plaintiff's claims, including serving multiple discovery requests, continually conferring with counsel for Plaintiff on production and objections, as well as

6

promptly seeking court intervention when necessary. For example, JDN sought and eventually persuaded Plaintiff to enter into a stipulated confidentiality order which, as Magistrate Judge Strauss recognized, helps "avoid a situation where discovery is delayed based on confidentiality objections and provide a framework to prevent disputes over confidentiality between the parties." *See* Paperless Order Setting Discovery Hearing, entered August 14, ECF No. [71].

JDN has worked diligently to respond to Plaintiff's discovery, including the production of more 1,300 pages of documents so far, and to confer with Plaintiff's counsel to resolve discovery issues on a regular basis without court intervention. Since removal, JDN has served two requests for production (on June 4 and August 5), two sets of interrogatories (on June 4 and August 23), and has notified counsel Plaintiff that it seeks to take the deposition of Monarch's corporate representative as soon as practicable. Similarly, at JDN's counsel's urging, the parties worked to choose a mediator and schedule mediation well before the current deadline.

Perhaps most significantly, JDN pressed for production of documents from which its forensic accountant could begin to analyze Plaintiff's alleged damages prior to the expert witness disclosure deadline. This required multiple good faith conferences and ultimately seeking court intervention in an expedited fashion. JDN was able to obtain enough information to provide a preliminary report before the September 23 deadline, in addition to compelling production for further information identified as necessary to evaluate Plaintiff's business – which directly relates to whether it has suffered injury. Because Plaintiff only produced relevant financial documents on Friday, September 20, however, JDN's expert anticipates he will need to supplement his report.

In sum, JDN has moved as quickly as possible to meaningfully engage in discovery and meet the Court's deadlines in compliance with the current scheduling order. Under such circumstances, good cause has been established. *See, e.g., Damian*, 2024 WL 3650418, at *1

(finding that pretrial and trial dates should be extended where discovery was voluminous and defendants "tirelessly engaged in discovery to comply with the Court's deadline"); *United States v. N. Am. Specialty Ins. Co.*, No. 3:19-cv-514-BJD-PDB, 2022 WL 904820 (M.D. Fla. March 3, 2022) (granting motion to continue to ensure discovery is complete, which "causes minimal prejudice, and is in accordance with the Court's preference for full discovery").

### B. The Schedule Cannot be Met Without the Requested Extension

The current procedural posture of this case and outstanding discovery to be completed make it unlikely that JDN or Plaintiff can comply with the remaining deadlines. First, the Court has permitted Plaintiff to amend Count III of its Complaint against Dobrovolskaya on or before October 1. *See* Court's order on Dobrovolskaya's motion to dismiss, entered Sept. 17, ECF No. [83] at 13. Should Plaintiff do so (which counsel has indicated it likely will), Dobrovolskaya intends to again move to dismiss asserting -- at a minimum -- that she has not been properly served with process. Assuming Plaintiff timely amends, briefing on a motion to dismiss will not be completed until late October, with a ruling by the Court thereafter. Accordingly, Dobrovolskaya's status is uncertain and not likely to be finally determined with sufficient time prior to the current deadlines. *See generally Timber Pines Plaza, LLC v. Kinsale Ins. Co.*, No. 8:15-cv-1821-T-17TBM, 2016 WL 4203828 (M.D. Fla. August 5, 2016) (granting motion to extend pretrial deadlines and continue trial where time for plaintiff to amend complaint still was pending).

Moreover, despite JDN's diligent efforts to complete discovery within the current deadline, there is much still do be done, including resolving outstanding discovery disputes and document production issues, as well as scheduling and completing depositions. Concerning fact witness depositions of the parties, only Monarch is located in the Southern District of Florida. JDN is based in Maryland, and its employees work from various places in the United States and overseas.

8

Whether she is a party or a witness, Dobrovolskaya (as indicated in her declarations) resides in New York.  *See* ECF No. [1-7] at ¶ 3; ECF No. [45-3] at ¶ 2.  The location of other potential third-party witnesses (*e.g.*, individuals identified in the article at issue that Plaintiff has advised it wishes to depose) have not yet been determined and such witnesses likely would need to be served with subpoenas.  Accordingly, even if the parties take some depositions via Zoom, the November 20 deadline does not provide the necessary time to resolve disputes and also complete party, fact witness and expert witness depositions.

Relatedly, because of the above-described delays in production of Plaintiff's damages and financial documents, JDN's expert has not had a meaningful opportunity to review and analyze those materials and will need to supplement his preliminary report.  After such review, it is possible JDN will seek to compel further relevant records from Plaintiff.  Currently, counsel for JDN and Plaintiff still are conferring about whether Plaintiff has fully complied with Magistrate Judge Strauss' Discovery Order, entered on September 18.  ECF No. [86].  Accordingly, although JDN met the initial witness disclosure deadline, more time is necessary for complete disclosure and a subsequent expert deposition.  *See generally Compass iTech, LLC v. eVestment Alliance, LLC*, No. 14-81241-CIV-MARRA/MATTHEWMAN, 2017 WL 1290849, at *3 (S.D. Fla. March 24, 2017) (finding good cause to extend pretrial deadlines where party had acted diligently in seeking updated financial information for its damages expert to evaluate).

WHEREFORE, Defendant Journalism Development Network Inc. hereby requests that the Court grant this motion and modify the current scheduling order to extend all remaining pretrial deadlines (except for the mediation deadline) by nintely (90) days and to continue the trial for a corresponding time period.

**GOOD FAITH CERTIFICATION PURSUANT TO LOCAL RULE 7.1**

The undersigned certifies that counsel for JDN has conferred with counsel for Plaintiff concerning the relief sought in this Motion, who advised that Plaintiff agrees to, and does not oppose, the relief sought herein.

**THOMAS & LOCICERO PL**

By: */s/ Dana J. McElroy*
Dana McElroy
Florida Bar No. 845906
dmcelroy@tlolawfirm.com
Daniela Abratt-Cohen
Florida Bar No. 118053
dacohen@tlolawfirm.com
915 Middle River Drive, Suite 309
Fort Lauderdale, FL 33304
Phone: (954)703-3416

James J. McGuire
Florida Bar No. 187798
jmcguire@tlolawfirm.com
601 South Boulevard
Tampa, FL 33606
Phone: (813) 984-3060

*Attorneys for Defendant Journalism Development Network, Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this **27th** day of **September, 2024**, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all parties and counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

/s/ *Dana J. McElroy*
Attorney