UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-61256-CIV-BECERRA/STRAUSS

MONARCH AIR GROUP, LLC,

    Plaintiff,

vs.

JOURNALISM DEVELOPMENT NETWORK, INC.

    Defendant.

_____/

## NON-PARTY THE MCCLATCHY COMPANY, LLC'S MOTION TO QUASH A SUBPOENA FOR DOCUMENTS

Non-party The McClatchy Company, LLC ("McClatchy") – pursuant to Rule 26(c)(1)(A) of the Federal Rules of Civil Procedure, the First Amendment to the United States Constitution, and §90.5015, Florida Statutes – moves for the entry of an Order quashing the subpoena that was served upon it by Plaintiff.

McClatchy publishes *The Miami Herald* (the "*Herald*"), which is the newspaper of record in Miami-Dade County, Florida. Through its print and online editions, the *Herald* publishes news throughout Florida. In the course of their newsgathering, McClatchy's professional journalists rely upon information received from freelance journalists and other media organizations as some of their principal sources of information. **Neither McClatchy nor any of its professional journalists are parties in this action.**

Plaintiff's two-count complaint purports to state causes of action against Defendant Journalism Development Network, Inc. ("JDN") for defamation *per se* (Count I) and defamation

by implication (Count II).[1]  DE 1.  Counts I and II arise from an article that was written and published by JDN and its former co-defendant, Lily Dobrovolskaya (the "Article").  *Id.*  Stated generally, Plaintiff alleges that the Article contains various allegedly false and defamatory statements of fact that are of and concerning Plaintiff or, alternatively, the Article juxtaposes or omits facts in a manner that implies a defamatory connection between Plaintiff, "criminals, and/or criminal activity."  Compl. at ¶60; *see also* DE 83 at 2-3 (generally describing the nature of Plaintiff's allegations).  **Plaintiff does not allege that McClatchy or its professional journalists participated in any manner in the research, writing, or publication of the Article.**

Notwithstanding the absence of any such allegations, Plaintiff served a subpoena upon McClatchy on October 31, 2024 commanding McClatchy to produce – only seven days later, on on November 7, 2024 – the following materials: (1) All documents and communications between you and JDN regarding Monarch Air Group, LLC; (2) All documents and communications between you and OCCRP regarding Monarch Air Group, LLC; (3) All documents and communications between you and Lily Dobrovolskaya regarding Monarch Air Group, LLC; and (4) All documents and communications regarding or supporting your decision to not publish the story regarding Monarch Air Group, LLC, in the Miami Herald Newspaper.  A copy of the subpoena is attached as Exhibit 1.  The subpoena should be quashed because Plaintiff cannot overcome McClatchy's First Amendment and Florida statutory privilege to refuse to disclose the subpoenaed information.

---

[1] Plaintiff's complaint also purported to state claims against Lily Dobrovolskaya.  Counts I and II, which originally were asserted against JDN and Ms. Dobrovolskaya, were dismissed with prejudice to the extent that they purported to assert claims against Ms. Dobrovolskaya. DE 83 at 9-10.  Count III was asserted *solely* against Ms. Dobrovolskaya, and it has been dismissed with prejudice. DE 83 at 11-14; DE 91.

"Our circuit recognizes a qualified privilege for journalists, allowing them to resist compelled disclosure of their professional news gathering efforts. This privilege shields reporters in both criminal and civil proceedings." *See United States v. Capers*, 708 F.3d 1286, 1303 (11th Cir. 2013). The privilege applies "even where" no confidential source or confidential information is involved. *See Kidwell v. McCutcheon*, 962 F.Supp. 1477, 1480 (S.D. Fla. 1996); *see also Capers*, 708 F.3d at 1302-03 (applying the First Amendment privilege to affirm an order quashing a subpoena through which a defendant in criminal proceedings sought to obtain a recording that a media organization made of the defendant's interrogation by police).

"The standard governing the exercise of reporter's privilege . . . provides that information may only be compelled from a reporter claiming privilege if the party requesting the information can show that it is highly relevant, necessary to the proper presentation of the case, and unavailable from other sources." *See United States v. Caporale*, 806 F.2d 1487, 1504 (11th Cir. 1986) (internal citation omitted); *see also Capers*, 708 F.3d at 1303 (quoting *Caporale*, 806 F.3d at 1504) (same). "Overcoming the standard is a 'heavy burden' and the standard must be met by clear and convincing evidence." *See United States v. Thompson*, 2015 WL 1608462 at *2 (S.D. Fla. Apr. 10, 2015) (quoting *McCarty v. Bankers Ins. Co.*, 195 F.R.D. 39, 47 (N.D. Fla. 1998)).

The Florida Legislature has created a substantively identical qualified privilege for journalists in Florida. Section 90.5015, Florida Statutes, provides that newsgathering information is privileged and need not be disclosed unless the subpoenaing party first makes a "clear and specific showing" that "(a) the information sought is relevant and material to unresolved issues in this case; (b) the information cannot be obtained from alternative sources; and (c) a compelling interest exists for requiring disclosure of the information." *See* § 90.5015(2).

As with the protection provided by the First Amendment, "[t]his qualified statutory privilege extends to both confidential and non-confidential information." *See Ulrich v. Coast Dental Services, Inc.*, 739 So.2d 142, 143 (Fla. 5th DCA 1999). The requisite "clear and specific showing" – which is the same as clear and convincing evidence – must be made with regard to each element of the statute and each portion of information sought to be disclosed. *See* § 90.5015(3); *see also McCarty*, 195 F.R.D. at 46 ("In either [Florida or federal law], the burden rests with [the party seeking to overcome the qualified privilege] to establish each of the factors by clear and convincing evidence."). Plaintiff cannot meet these standards.

The first prong requires Plaintiff to prove by clear and convincing evidence that the information sought in the subpoena is "highly relevant" to Plaintiff's defamation-related claims against JDN. Because there are **no** allegations in the complaint that McClatchy had any role whatsoever with the Article, there simply is no basis upon which the Court could conclude that the requested information is "highly relevant" to Plaintiff's claims against JDN. Conjecture or speculation that a fishing expedition into another media organization's files might turn up something that Plaintiff thinks could be helpful is decidedly insufficient to overcome the privilege. *See, e.g., Thompson*, 2015 WL 1608462 at *2 (citing and quoting *Shoen v. Shoen*, 48 F.3d 412, 416 (9th Cir. 1995)) ("The Court finds all of this to be highly speculative and conjectural: the sum total of Thompson's allegations amount, at most, to a showing of potential relevance than a showing of actual relevance" and "'a showing of potential relevance will not suffice'"). Plaintiff cannot satisfy the first prong.

The second prong (or what, at least, the Eleventh Circuit lists second) requires Plaintiff to prove by clear and convincing evidence that the information sought is necessary to the presentation of the case. The analysis here is "whether the evidence is *actually required* for the presentation

4

of a case . . . . Just because evidence is useful [or helpful, or the best evidence] does not mean that it is necessary." *See Thompson*, 2015 WL 1608462 at *3 (emphasis added); *see also id.* (citing and quoting *McCarty*, 195 F.R.D. at 47) ("finding that a party did not meet the standard when he 'failed to show that he would be unable to succeed on his claims without [the] testimony'"); *McCarty*, 195 F.R.D. at 47 ("[N]or has he shown that his need for the testimony is so compelling that he cannot otherwise establish his entitlement to relief on the asserted claims[.]"); *Redd v. U.S. Sugar Corp.*, 21 Media L. Rep. 1508, 1509 (Fla. 15th Cir. Ct., May 27, 1993) (applying former Florida common law privilege similar to §90.5015) (a compelling need exists if proceeding without the information sought "will result in a miscarriage of justice or substantially prejudice a party's ability to present its case."). Plaintiff cannot establish by clear and convincing evidence that it cannot succeed on its claims without the subpoenaed information.

With respect to the third prong – that the information sought is unavailable from other sources – the inquiry "is *not whether the form of the evidence* itself is unavailable, but, rather, whether the *information revealed by the evidence* is otherwise unavailable." *See Thompson*, 2015 WL 1608462 at *3 (emphasis added). Thus, Plaintiff would have to show, by clear and convincing evidence, that the ***information*** relayed in McClatchy's communications with JDN, OCCRP, and Ms. Dobrovolskaya (if there even are such communications) can be obtained only from McClatchy, and cannot be obtained from the other parties to those communications. Plaintiff cannot satisfy this prong because he cannot show – by clear and convincing evidence – that if such communications exist, the ***information*** relayed in them can be obtained only from McClatchy.

For these reasons, the subpoena should be quashed.

## CERTIFICATE OF CONFERRAL

On November 1, 2024, prior to filing this motion, counsel for McClatchy (Scott Ponce) participated in a video conference with counsel for Plaintiff (Joshua Kon and Jusef Kudan) to discuss the issues raised in this motion. Counsel for these parties could not reach agreement.

Respectfully submitted,

HOLLAND & KNIGHT LLP
Attorneys for McClatchy
701 Brickell Avenue
Suite 3300
Miami, Florida 33131
(305) 374-8500 (telephone)
(305) 789-7799 (facsimile)

By: /s/ Scott D. Ponce
Scott D. Ponce (FBN 0169528)

## CERTIFICATE OF SERVICE

I certify that on November 5, 2024, I electronically filed this document using the Court's CM/ECF system, which will serve it by e-mail on all counsel of record.

By: /s/ Scott D. Ponce

#512276334_v1