# EXHIBIT 1



**CT Corporation**
**Service of Process Notification**
10/31/2024
CT Log Number 547669157

## Service of Process Transmittal Summary

**TO:** Jenn Ross
The McClatchy Company, LLC
1601 ALHAMBRA BLVD STE 100
SACRAMENTO, CA 95816-7165

**RE:** Process Served in Florida

**FOR:** The McClatchy Company, LLC  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | MONARCH AIR GROUP, LLC vs. JOURNALISM DEVELOAMENT NETWORK, INC. |
| **CASE #:** | 23CV61256JB |
| **NATURE OF ACTION:** | Subpoena - Business records |
| **PROCESS SERVED ON:** | C T Corporation System, Plantation, FL |
| **DATE/METHOD OF SERVICE:** | By Traceable Mail on 10/31/2024 |
| **JURISDICTION SERVED:** | Florida |
| **ACTION ITEMS:** | CT will retain the current log |
| | Image SOP |
| | Email Notification, Julie Pendley  jpendley@mcclatchy.com |
| | Email Notification, Jenn Ross  jross@mcclatchy.com |
| | Email Notification, Chad Muilenburg  cmuilenburg@mcclatchy.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System
1200 South Pine Island Road
Plantation, FL 33324
866-539-8692
CorporationTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



**SK3 STOK KON + BRAVERMAN**
ATTORNEYS AT LAW
1 EAST BROWARD BLVD, SUITE 915
FORT LAUDERDALE, FL 33301

CERTIFIED MAIL

9414 8112 0620 5447 3354 18

US POSTAGE FIRST-CLASS $8.16
FROM 33301
10/23/2024
Stamps

MIAMI HAROLD/ MCCLATCHY COMPANY, LLC
CT CORPORATION SYSTEM
1200 S Pine Island Rd Ste 250
PLANTATION FL 33324-4459

33324-445950

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida ▼

| | |
|---|---|
| MONARCH AIR GROUP, LLC ) | |
| _Plaintiff_ ) | |
| v. ) | Civil Action No. 23-cv-61256-JB |
| JOURNALISM DEVELOPMENT NETWORK, INC. ) and LILY DOBROVOLSKAYA ) | |
| _Defendant_ ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Records Custodian for the MIAMI HAROLD/ MCCLATCHY COMPANY, LLC; c/o CT CORPORATION SYSTEM; 1200 S PINE ISLAND RD PLANTATION, FL 33324

_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: the documents listed in Schedule 1. Your presence may be waived if the documents are produced to the undersigned prior to the date listed blow.

| Place: Stok Kon+Braverman<br>1 E. Broward Blvd. Suite 915<br>Ft. Luaderdale, FL, 33301. | Date and Time:<br>11/07/2024 10:00 am |
|---|---|

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 10/23/2024

| _CLERK OF COURT_ | |
|---|---|
| | OR |
| _____ | /S/ JOSHUA R. KON, ESQ. |
| _Signature of Clerk or Deputy Clerk_ | _Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_ ____Monarch Air Group, LLC_____, who issues or requests this subpoena, are:

Stok Kon+Braverman; 1 E. Broward Blvd. Suite 915; Ft. Luaderdale, FL, 33301; service@stoklaw.com; 954-237-1777

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 23-cv-61256-JB

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena: Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

*Case No. 23-61256-CIV-CANNON*

## SCHEDULE 1

## DEFINITIONS AND INSTRUCTIONS

As used herein, the words and phrases set out below shall have the meaning or meanings prescribed from them.

1. "Document" or "documents" shall mean every non-privileged original (and every copy of any original or copy which differs in any way from any original) of every writing or recording of any kind or description, whether handwritten, typed, drawn, sketched, printed or recorded by any physical, mechanical, electronic or electrical means whatever, including without limitation, books, records, computer listings, computer printouts, computer programs, and tapes upon which information is stored, papers, pamphlets, brochures, circulars, advertisements, specifications, blueprints, maps, plats, surveys, drawings, sketches, graphs, charts, plans, laboratory or engineering reports notebooks, worksheets, reports, lists, analyses, summaries, ledger accounts, audits, inventories, tax returns, financial statements, profit and loss statements, cash flow statements, annual or other periodic reports, prospectuses, registrations, correspondence, communications, telegrams, solicitations, minutes, stock ledgers, stock certificates, licenses, permits, calendars, appointment books, diaries, telephone bills and toll call records, expense reports, balance sheets, accountant's work papers, work sheets, commission statements, itineraries, agendas, payroll records, notes, memoranda including inter-office memoranda, checkbooks, canceled checks, receipts, contracts, agreements, instrument assignments, applications, offers, acceptances, proposals, financing statements, documents of title, appraisals, purchase orders, invoices, bills of lading, written memorials or oral communications, forecasts, photographs, photographic slides or negatives, films, filmstrips, tapes and recordings.

   a. Documents shall also include matters stored in an electronic medium, such matters being, among others, voice mail messages and files; backup voice mail files; e-mail messages and files; word processing documents; spreadsheets; presentation documents; graphics; animations; images; instant messages and/or instant message logs; backup e-mail files; deleted e-mail data files; program files;

backup and archived tapes; temporary files; system history files; website log files; cache files; cookies and other electronically recorded information.

    b.    Electronic documents shall also include matters described as accurate data; deleted data; backup data; metadata; migrated data; replicate data; residual data; and legacy data.

2. The term "you," or "your" shall mean the Miami Herald News Paper.

3. The term "OOCRP" shall mean Organized Crime and Corruption Reporting Project.

4. The term "JDN" shall mean Journalism Development-Network.

5. The term "Article" shall mean the November 27, 2020, article which is the subject of this litigation, including all versions of the Article.

6. "Person" includes a corporation, partnership or other business association or entity, natural person, and any government or governmental body, commission, board or agency.

7. "Fact Checker" shall mean a person tasked with verifying the accuracy and truthfulness of claims, statements, or information presented in various forms of media, including news articles, social media posts, speeches, and advertisements.

8. The singular shall include the plural and the plural shall include the singular.

9. A masculine, feminine or neuter pronoun shall not exclude the other gender.

10. As used herein, "communication(s)" shall mean, without limitation, any transmission of information by one or more persons and/or between two or more persons by any means including, without limitation, e-mail, instant messaging, text messaging, telephone conversations, letters, telegrams, faxes, computer linkups, written memoranda, and face-to-face conversations.

11. If a request for documents is silent as to the time span for which production is desired, production shall be made of all documents created from when first contacted for the Article to the present.

12. Each request shall extend to all documents which are or have been in the possession of or subject to the control of you, your officers, agents or employees at any time during the period of time covered by this request.

13. The term "and" shall include the term "or" and the term "or" shall include the term "and". The term "any" shall include the term "all" and the term "all" shall include the term "any."

14. All words and terms used herein shall be construed consistently with the words and terms used in the pleadings filed in this matter and shall be deemed to have the same meaning as the words and terms used in the pleadings.

## DOCUMENTS UPON WHICH PRIVILEGE IS CLAIMED

For each document requested herein which is sought to be withheld under a claim of privilege, provide a privilege log in compliance with Local Rule 26.1(e)(2).

*Please read the Definitions and Instructions set forth above.*
*These Requests for Documents cannot be properly responded to*
*without reference to and incorporation of same.*

## DOCUMENTS REQUESTED

1. All documents and communications between you and JDN regarding Monarch Air Group, LLC.

2. All documents and communications between you and OOCRP regarding Monarch Air Group, LLC.

3. All documents and communications between you and Lily Dobrovolskaya regarding Monarch Air Group, LLC.

4. All documents and communications regarding or supporting your decision to not publish the story regarding Monarch Air Group, LLC, in the Miami Herald Newspaper.