UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-61256-BECERRA/STRAUSS

**MONARCH AIR GROUP, LLC,**

      Plaintiff,

v.

**JOURNALISM DEVELOPMENT NETWORK, INC.,**

      Defendant.
_____/

## ORDER

THIS MATTER came before the Court upon Defendant's Motion to Compel Second or Continued Deposition of Plaintiff's Corporate Representative ("Motion") [DE 130/131]. The Court has reviewed the Motion, Plaintiff's Response [DE 135], all of the deposition excerpts that Defendant provided with the Motion, [DE 132-1, 132-2], and all other pertinent portions of the record.[1]

This defamation action stems from Defendant's publication of an allegedly defamatory article (the "Article") about Plaintiff. In the Motion, Defendant contends that Plaintiff's corporate representative, David Gitman (who Plaintiff designated to testify on its behalf under Fed. R. Civ. P. 30(b)(6)), improperly refused to answer certain questions at his deposition and failed to

---

[1] Defendant was granted leave to file a reply, but it has not yet done so. Nonetheless, Defendant's apparently forthcoming reply is unnecessary and is not going to change the result here. In seeking leave to file a reply, Defendant stated that it wanted to correct certain factual misstatements in Plaintiff's response and to address certain issues regarding the cases cited in Plaintiff's response. Neither is necessary given that I have reviewed all of the deposition excerpts that Defendant provided with the Motion (rather than relying on the parties' characterizations of the testimony) and given that I have reviewed all cases that I have relied upon in connection with ruling on the Motion.

adequately prepare for the deposition.  Consequently, Defendant requests that the Court compel Mr. Gitman to sit for an additional deposition.  As discussed herein, I agree with some, but not all, of Defendant's contentions.  Ultimately, I find that it is appropriate to require Plaintiff (through Mr. Gitman) to provide sworn answers to certain interrogatories (described below) rather than requiring Mr. Gitman – who has already been deposed for two days – to sit for an additional deposition.

First, Defendant asserts that Mr. Gitman improperly refused to identify clients that allegedly decided to not do business with Plaintiff because of the Article.  Mr. Gitman refused to identify the clients on relevance grounds.  "A deponent may refuse to answer questions only if 'necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion' to terminate the deposition for abuse."  *Isaac v. RMB Inc.*, 604 F. App'x 818, 821 (11th Cir. 2015) (citing Fed. R. Civ. P. 30(c)(2)); *see also Onemata Corp. v. Rahman*, No. 20-62002-CIV, 2021 WL 5175657, at *2 (S.D. Fla. Oct. 26, 2021).  None of these exceptions applied here.  Therefore, Mr. Gitman "wrongfully refused to answer" Defendant's questions regarding the identity of the clients.  *Isaac*, 604 F. App'x at 821; *see also Daker v. Owens*, No. 22-12830, 2024 WL 2796400, at *7 (11th Cir. May 31, 2024) ("Daker's conduct in refusing to answer any question he deemed not relevant clearly violated Rule 30(c)(2).").

Identifying the clients discussed in Mr. Gitman's testimony can be more easily achieved through providing a sworn answer to an interrogatory than requiring an additional deposition.  Therefore, Plaintiff (through Mr. Gitman) shall provide a sworn answer to an interrogatory that identifies the names of the clients (including prospective clients), as well as any contact information (address, phone number, email address) that Plaintiff may have for the clients.  To be clear, the clients (and prospective clients) to be identified in the interrogatory answer include those

referred to on pages 55-58, 90, 385-86, and 389-91 of the deposition transcripts [DE 132-1, 132-2], one of which Mr. Gitman also described as a vendor. In addition to identifying the clients (and prospective clients), the sworn interrogatory answer shall briefly describe the relationship between Plaintiff and the clients (and prospective clients), including whether or not Plaintiff previously did business with them. If Plaintiff previously did business with them, the interrogatory answers shall state whether Plaintiff continues to do business with them (and if not, when and why the business relationship ended). Additionally, Plaintiff shall describe any communications it had with the clients (or prospective clients) regarding the Article, the individuals who were involved in the communications, when the communications occurred, and the form of the communications (*e.g.*, phone, email, in person, etc.). Any emails should be produced with the interrogatory answer (the interrogatory answer need not describe the emails that are produced).

Second, Defendant contends in the Motion that Mr. Gitman was not adequately prepared to answer questions regarding damages. In this regard, Plaintiff has maintained throughout this case (at least since July 2023) that its damages are approximately $63,000. *See, e.g.*, [DE 14] at 4. But at every turn, Plaintiff has been evasive and vague about how it computed that estimate. That continued at Mr. Gitman's deposition.

Plaintiff's estimate ($63,000) is a fairly specific number. From my involvement in all of the numerous discovery disputes in this case, it is evident that there are two possible explanations for how Plaintiff arrived at its estimate. Either (1) Plaintiff assessed particular ways in which it has been damaged and approximated its damages based on that assessment, or (2) Plaintiff pulled a number out of thin air that is close to – but under – $75,000 (to attempt to get the case remanded to state court). Plaintiff insists that it is not the latter.

At Mr. Gitman's deposition, Mr. Gitman indicated that there are at least three components to Plaintiff's damages: (1) a determination of damages made based on the use and review of an AHREFS system; (2) expenditures related to a pay-per-click campaign on Google; and (3) employee morale. *See* [DE 132-1, 132-2] at transcript pages 61-70 & 414. But Plaintiff has never described the amount of damages that it attributes to each of these three categories (or any other categories), if any. With respect to the pay-per-click campaign, a precise figure apparently exists. *See* [DE 132-1] at transcript page 67 (acknowledging a "relevant spend" exists for the "specific campaign" at issue). Based on Mr. Gitman's deposition testimony, that precise figure appears to be included in the $63,000. So, Plaintiff (through Mr. Gitman) shall provide a sworn interrogatory answer identifying that precise figure (as well as relevant documentation with his answer) and all other figures included in the $63,000 damages estimate. In other words, *Plaintiff must show its work*. The interrogatory answer should list each and every category of damages that has been included in the $63,000 figure and should then specify the amount attributable to each category and how Plaintiff arrived at the amount for each individual category.

I recognize that not every category may have a precise, documented figure like the pay-per-click campaign. In other words, perhaps Plaintiff included damages related to "employee morale" in the $63,000 figure and attributed some amount of damages to the employee morale issue. If that is the case, Plaintiff should specify the amount that it attributed to employee morale and the reason or basis for selecting such an amount. A factfinder will need to evaluate each category of damages that Plaintiff contends it has, as well as the amount Plaintiff contends it should be awarded for each category if Plaintiff prevails at trial. And Plaintiff needs to specify those categories and amounts for Defendant during the discovery period. Trial by ambush will not be permitted. Accordingly, as described above, Plaintiff's sworn interrogatory answer must specify

4

each item or category of damages included in the $63,000 figure, must specify the dollar amount for each item or category, and must explain how Plaintiff arrived at each dollar amount. Again, Plaintiff must show its work.

The two issues described above (regarding damages and identifying customers) are the focus of the Motion. The Motion does also raise other tangential or related issues, as well as an issue related to 1099 records. With respect to issues related to the topics discussed above, what I have ordered is adequate to address any related issues, particularly when considering what is relevant and proportional. Regarding the 1099 issue, the deposition excerpts do not show that Mr. Gitman was inadequately prepared to testify regarding topic number 11. Mr. Gitman perhaps could have done more, "[b]ut a Rule 30(b)(6) deposition is not a memory test, and '[a]bsolute perfection is not required of a . . . witness.'" *Fuentes v. Classica Cruise Operator Ltd, Inc.*, 32 F.4th 1311, 1322 (11th Cir. 2022) (citation omitted). "[T]he 'fact that a designee could not answer every question on a certain topic does not necessarily mean that the corporation failed to comply with its obligation[s].'" *Id.* (citations omitted).

For the foregoing reasons, it is **ORDERED and ADJUDGED** that the Motion [DE 130/131] is **GRANTED IN PART and DENIED IN PART**. By **February 10, 2025**, Plaintiff (through Mr. Gitman) shall provide sworn answers to the interrogatories described above, produce the emails described above (that Plaintiff is required to provide with its answer to the first interrogatory), and provide documents reflecting the damages that Plaintiff asserts it incurred in connection with the pay-per-click campaign. To be clear, in answering the interrogatories, Mr. Gitman must not only provide information known to him; he must provide "information known or reasonably available to" Plaintiff. *See Fuentes*, 32 F.4th at 1321 ("During the deposition, the designee is required to 'testify about information known or reasonably available to the

[corporation].'"). To do so, Mr. Gitman may need to, among other things, review emails and speak with certain of Plaintiff's employees and potentially certain former employees (or, at the very least, make *adequate* good faith efforts to speak with former employees that may have relevant information). *See id.* at 1321-22 ("The corporation's duty to prepare a Rule 30(b)(6) witness extends, 'beyond matters personally known to [the] designee,' to all information reasonably available to the corporation, 'whether from documents, past employees, or other sources.'" (citations omitted)).

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 4th day of February 2025.

Jared M. Strauss
United States Magistrate Judge