UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-61256-BECERRA/STRAUSS

**MONARCH AIR GROUP, LLC,**

      Plaintiff,
v.

**JOURNALISM DEVELOPMENT
NETWORK, INC.,**

      Defendant.
_____/

### **ORDER**

Counsel for the parties come forward with yet another discovery dispute in a case where counsel – for both sides – have acted unreasonably and displayed a lack of good faith numerous times throughout the discovery process. The Court has provided a simple process to allow the parties to quickly and efficiently seek Court intervention on discovery disputes *when necessary*. But the attorneys in this case have abused that process, particularly with disputes regarding application of the parties' Stipulated Confidentiality Order [DE 75]. The Court recognizes that this is not a case where counsel has sought Court intervention without conferring with opposing counsel. Rather, this is a case where both sides, despite holding conferral discussions, have failed to act reasonably and attempt to resolve their discovery disputes in good faith.

The latest discovery dispute presented to the Court involves Plaintiff complaining about Defendant designating the deposition of its corporate representative, Andrew Sullivan, as confidential at the outset of the deposition. On February 17, 2025, Plaintiff filed a Notice of Discovery Dispute [DE 153], requesting a discovery hearing for the purpose of seeking to compel Mr. Sullivan's deposition and to overrule Defendant's attempt to designate the deposition as

confidential (or attorneys' eyes only).  Rather than scheduling an additional discovery hearing in this matter, the Court effectively treated DE 153 as a motion to compel Mr. Sullivan's deposition and to overrule Defendant's confidentiality designation.  Consequently, the Court ordered Defendant to file a response to DE 153 and Plaintiff to file a reply, thus affording both parties an opportunity to be heard on the discovery dispute.  [DE 155].

First, the Court **DENIES** Plaintiff's request for a discovery hearing.  A hearing is unnecessary in light of the parties' briefing [DE 153, 158, 159], which the Court has reviewed and considered.  Second, the Court **DENIES AS MOOT** Plaintiff's request to compel Mr. Sullivan's deposition, as the parties have rescheduled the deposition for March 10, 2025.  Third, the Court **GRANTS IN PART and DENIES IN PART** Plaintiff's request to overrule Defendant's confidentiality designation, as set forth herein.

Under the parties' Stipulated Confidentiality Order [DE 74-1], which the Court approved with certain modifications [DE 75], the parties are permitted to designate deposition testimony as confidential or attorneys' eyes only, as follows:

> If a question or answer at a deposition contains Confidential Information, counsel for a Party with an interest in protecting such Confidential Information may designate orally (on the record at the deposition) that the information provided in such question or answer is "Confidential["] or "Confidential: Outside Attorney's Eyes Only". *Counsel shall have 20 days after receipt of any deposition transcript to designate other information provided in a question or answer as "Confidential" or "Confidential: Outside Attorney's Eyes Only,"* and shall designate such confidential information by providing the opposing Party and court reporter with page numbers of any pages to be designated. . . .

[DE 74-1] at 3-4 (emphasis added).

Thus, Plaintiff is correct that the parties may not simply choose at the outset to designate the entire deposition as confidential.  Rather, designations, when appropriate, should be applied to specific questions and answers (or portions thereof).  But Plaintiff is more wrong than right.  Given

that the parties have 20 days after receiving a deposition transcript to apply confidentiality designations that were not made at the deposition, the parties implicitly agreed in their Stipulated Confidentiality Order that the transcript should be effectively treated as attorneys' eyes only during that 20-day period.  That was certainly the Court's intent when it entered the Confidentiality Order [DE 75] approving the parties' Stipulated Confidentiality Order (as modified by DE 75).  A contrary interpretation would render the 20-day designation period meaningless.  In other words, if the parties were able to circulate and use the transcript upon receipt without restriction, a party's later designation during the 20-day period may come too late.  The cat would be out of the bag.  So, while the parties must designate specific questions and answers (or portions thereof) as confidential or attorneys' eyes only (when appropriate), depositions and deposition transcripts should be treated as attorneys' eyes only during the 20-day designation period (absent the parties and deponent indicating, prior to the expiration of the 20-day period, that they intend to make no further designations).

     In this case, the attorneys for both sides are guilty of over-designating under the Confidentiality Order and over-challenging designations when there is no good reason to do so.  Moving forward, the Court expects the parties to be more restrictive in making confidentiality designations and more hesitant to challenge designations.  In other words, the parties should not make designations unless they are *really necessary*, and should not challenge designations unless there is a *significant* and *compelling* reason to do so.  The Court expects counsel to stop wasting the Court's time and the parties' money with juvenile disputes that counsel should be able to resolve.  The attorneys need to work together to advance this case, and they need to make reasonable, good faith compromises on discovery disputes before running to the Court.

Lastly, based on the Court's review of the deposition transcript [DE 158-2], it appears that Mr. Kon and Ms. McElroy both played a role in impeding, delaying, and/or frustrating the fair examination of the deponent at the February 17, 2025 deposition. Likewise, it appears that the conduct of both attorneys played a role in necessitating Court intervention in the instant (unnecessary) discovery dispute. In light of their conduct, Mr. Kon and Ms. McElroy, shall file, by **March 5, 2025**, memoranda of law to show cause why sanctions should not be imposed against them under Fed. R. Civ. P. 30(d)(2) and/or Fed. R. Civ. P. 37(a)(5). Alternatively, Mr. Kon and Ms. McElroy may make a voluntary donation of at least $100 to this Court's Bench and Bar Fund, or to a local legal aid organization, and file a notice of compliance by **March 5, 2025**. In the event Mr. Kon and Ms. McElroy make such a voluntary donation and file a notice of compliance by March 5, 2025, they will not need to file memoranda of law to show cause why sanctions should not be imposed against them.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 26th day of February 2025.

*Jared Strauss*
Jared M. Strauss
United States Magistrate Judge