UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No.: 0:23-cv-61256-JB

MONARCH AIR GROUP, LLC,

    Plaintiff,

v.

JOURNALISM DEVELOPMENT
NETWORK, INC.,

    Defendant.
_____/

**NON-PARTY JPMORGAN CHASE BANK, N.A.'S MOTION TO SEAL PAGES 13-20 OF EXHIBIT 4 TO DEFENDANT JOURNALISM DEVELOPMENT NETWORK'S NOTICE OF FILING AND REQUEST TO TAKE JUDICIAL NOTICE OF RELATED CASE FILINGS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Non-party JPMorgan Chase Bank, N.A. ("Chase"), by and through its undersigned counsel, pursuant to this case's Stipulated Confidentiality Order [ECF No. 75] ("Confidentiality Order") hereby moves to seal pages 13-20 of Exhibit 4 of Defendant Journalism Development Network's ("JDN") Notice of Filing and Request to Take Judicial Notice of Related Case Filings in Support of its Motion for Summary Judgment [ECF No. 193] ("Request").

Chase is the defendant in related case *Monarch Air Group, LLC & David Gitman v. JPMorgan Chase Bank, N.A.*, No. 0:21-cv-62429 (S.D. Fla.) ("*Monarch I*"). JDN's Request asks this Court to take judicial notice of Defendant JPMorgan Chase Bank, N.A.'s Response to Plaintiffs' Motion for Relief from Judgment for Fraud on the Court ("Response") and Exhibits A and B, dated May 29, 2025 [*Monarch I* ECF Nos. 301, 301-1, 301-2]. While Chase's redacted Response (pages 1-12 of JDN's Request Exhibit 4) [*Monarch I* ECF No. 301] was properly filed on *Monarch I*'s public docket, Exhibits A and B thereto (pages 13-20 of JDN's Request Exhibit 4) [*Monarch I* ECF Nos. 301-1 and 301-2] were inadvertently filed on the public docket, intended

1

to be filed under seal as they had been designated as Confidential pursuant to the confidentiality order in that case. *See* Chase's Unopposed Motion for Leave to File Under Seal [*Monarch I* ECF No. 302]; Order Granting Chase's Unopposed Motion for Leave to File Under Seal [*Monarch I* ECF No. 303]; [*Monarch I* ECF No. 304] (sealed docket entry in which Chase filed its unredacted Response and the exhibits thereto). Chase was unaware of this inadvertent public filing until notified by counsel for Plaintiff on July 9, 2025.

Pages 13-20 of Exhibit 4 to the Request contains two documents [*Monarch I* ECF Nos. 301-1 and 301-2] that Chase has marked "Confidential" pursuant to *Monarch I*'s Stipulated Confidentiality Agreement and Protective Order [*Monarch I* ECF No. 47] ("*Monarch I* Confidentiality Order"). Pursuant to the *Monarch I* Confidentiality Order, Chase filed these exhibits under seal after obtaining permission from the Court to do so, but was not aware that the exhibits were also filed on the public docket.

Pursuant to this case's Confidentiality Order, non-parties may opt-in to the protections of the Confidentiality Order, *see* ¶ 3(d), which provides that documents containing "trade secrets, commercially sensitive information, information protected by a common law or privacy right, or information protected by established public policy recognized as arising under the Florida or United States Constitution or applicable statutes and case law" may be designated as "Confidential," *see* ¶ 2.

Chase designated Exhibits A and B (pages 13-20) in the Request's Exhibit 4 as "Confidential" under the *Monarch I* Confidentiality Order—and the documents are properly designated as Confidential under this case's Confidentiality Order—because these documents contain highly sensitive information from Chase's Global Financial Crimes Compliance department about internal, nonpublic investigations and Chase's internal, nonpublic investigative

processes and procedures for protecting its accountholders, the public, and itself from money laundering activity. This kind of sensitive personal and commercial information is routinely protected by federal courts from disclosure either through entry of a confidentiality order or via order sealing the information, or both. *See, e.g.*, *CRubin LLC v. Escoriaza*, No. 19-cv-22261-BLOOM/Louis, 2020 WL 2542629, at *2 (S.D. Fla. May 19, 2020) (sealing "confidential information, such as attorney correspondence relating to third parties, technical infrastructure, business strategy, commercially sensitive transactional, marketing, technical, research, development, business strategy, and otherwise non-public and proprietary information"); *Donoff v. Delta Air Lines, Inc.*, No. 9:18-cv-81258, 2019 WL 2568020, at *2 (S.D. Fla. Mar. 14, 2019) (granting motion to seal because party alleged that the documents "contain[ed] trade secrets and sensitive financial information and states that public disclosure of the material therein would result in significant economic harm"); *Gunson v. BMO Harris Bank, N.A.*, 300 F.R.D. 581, 583 (S.D. Fla. 2014) (finding good cause for confidentiality order with respect to discovery "seeking internal audits of the [Bank] Defendants, risk assessments, details regarding electronic payment transactions with third parties, nonpublic communications between Defendants and regulatory authorities, and confidential customer information"); *accord Duhaney v. TransUnion, LLC*, No. 23-CV-04066 (NJC) (JMW), 2024 WL 85074, at *3 (S.D.N.Y. Jan. 8, 2024) (finding that internal policies were the type of documents that were proprietary and justified entry of a confidentiality order).

Furthermore, the *Monarch I* court (and the court in related case *Sinai Holdings, LLC & Jacob Gitman v. JPMorgan Chase Bank, N.A.*, No. 0:23-cv-62159-WPD (S.D. Fla.) ("*Sinai*")) have upheld the confidentiality designation of these documents under those case's respective Confidentiality Orders, even when directly challenged by the plaintiffs. *See* [*Monarch I* ECF No.

291], at 50; Order on Plaintiffs' Discovery Motions [*Sinai* ECF No. 150], at 4-5. Chase respectfully requests that this Court follow suit and seal these confidential documents. Chase has also moved to seal the exhibits in *Monarch I* upon discovering they were inadvertently filed publicly. *See* [*Monarch I* ECF No. 316].

  Finally, Chase's filing of these documents [*Monarch I* ECF Nos. 301-1 and 301-2] was inadvertent, and if confidential information is "inadvertently filed," there is "good cause to seal or remove the information from the Court's public docket information." *World Digital Rights, Inc. v. Does*, No. 212CV225FTMUASPC, 2012 WL 12917394, at *1 (M.D. Fla. July 6, 2012), *order amended and superseded*, No. 212CV225FTMUASPC, 2012 WL 12917393 (M.D. Fla. July 9, 2012); *see also Villar v. Cammarata Mgmt., Inc.*, No. 19-CV-81625, 2020 WL 9597136, at *1 (S.D. Fla. Apr. 30, 2020) (finding good cause to strike "Docket Entry 53, which was inadvertently filed with unredacted exhibits" and where "Defendants have since filed the appropriate versions of these exhibits as DE 56"); *Feig v. Apple Org., Inc.*, No. 08-23358-CIV, (S.D. Fla. May 13, 2009) (ECF No. 20) (ordering Clerk to strike or seal motion to compel where Defendant "inadvertently filed Exhibit I to its motion to compel without redacting confidential information"); *Rogers v. Minnesota Life Ins. Co.*, No. 5:21-CV-164-CEM-PRL, 2022 WL 2073008, at *1 (M.D. Fla. June 9, 2022) (granting Defendants' motion to seal where "confidential documents were inadvertently filed as exhibits to Plaintiff's reply brief in support of her motion to compel" and ordering the Clerk "to take all steps necessary to strike Plaintiff's reply and exhibits . . . "); *Hausburg v. McDonough*, No. 8:20-CV-2300-JSS, 2023 WL 2432322, at *1 (M.D. Fla. Mar. 9, 2023) (finding good cause to seal "inadvertently filed unredacted versions of certain exhibits" attached to Defendant's summary judgment motion); *Brady v. Midland Credit Mgmt., Inc.*, No. 24-2110-JAR-RES, 2025 WL 252930, at *1 (D. Kan. Jan. 21, 2025) ("The Clerk is directed to seal

the original, inadvertent public filing of Exhibit I in Doc. 38-7."); *Cloney's Pharmacy, Inc. v. Wellpartner, Inc.*, No. 1:23-CV-10088-MKV, 2024 WL 4349291, at *13 (S.D.N.Y. Sept. 30, 2024) (granting motion to seal "unredacted versions of the CPSAs that were inadvertently filed on the docket as exhibits to Plaintiffs' memorandum of law in opposition to Defendant's motion."); *Kumpf v. Safeco Ins. Co. of Am.*, No. 3:24-CV-00029-DMB-RP, 2024 WL 4817147, at *1 (N.D. Miss. Nov. 18, 2024) ("The Court may seal inadvertently filed documents from access by the public or litigants' counsel to protect confidential information contained within.").

The Motion to Seal Chase's Response and exhibits [*Monarch I* ECF No. 302] clearly and explicitly expresses Chase's intent to keep the exhibits confidential and to file them under seal. Additionally, the exhibits are conspicuously labeled as "Confidential" and some of the redactions in Chase's publicly filed Response are excerpts from the exhibits themselves, further indicating Chase's intent to keep Exhibits A and B confidential and not public. Therefore, there is good cause to seal pages 13-20 of Exhibit 4, which contains these documents.

WHEREFORE, for the foregoing reasons, Chase respectfully requests that this Court seal pages 13-20 of Exhibit 4 to JDN's Request [ECF No. 193].

## **LOCAL RULE 7.1(a)(3) CERTIFICATION**

I HEREBY CERTIFY that undersigned counsel has conferred with counsel for Plaintiff and Defendant. Defendant does not oppose the entry of an order granting this motion. Plaintiff opposes the entry of an order granting this motion.

Date:  July 11, 2025                                Respectfully submitted,

/s/ Eliot Pedrosa
Eliot Pedrosa, Esq.
Fla. Bar No. 182443
Taylor Cavaliere Jones, Esq.
Fla. Bar No. 1040247
JONES DAY
600 Brickell Ave, Suite 3300
Miami, FL 33131
Telephone: (305) 714-9700
Facsimile: (305) 714-9799
Email: epedrosa@jonesday.com
Email: tcavaliere@jonesday.com

*Attorneys for Defendant*
*JPMorgan Chase Bank, N.A.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this July 11, 2025, I electronically filed a true and correct copy of the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send notice of electronic filing to all parties at the email addresses on file with the Clerk of Court.

                                        */s/ Eliot Pedrosa*
                                        Eliot Pedrosa

                                        *Attorney for Defendant*
                                        *JPMorgan Chase Bank, N.A.*