IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 23-cv-61256-JB

MONARCH AIR GROUP, LLC,

    Plaintiff,

v.

JOURNALISM DEVELOPMENT
NETWORK, INC.,

    Defendant.
_____/

**DEFENDANT'S UNOPPOSED MOTION TO CONTINUE THE TRIAL
AND INCORPORATED MEMORANDUM OF LAW**

    Pursuant to Fed. R. Civ. P. 16(b)(4), Defendant Journalism Development Network, Inc. ("JDN") hereby moves to continue the currently-scheduled trial date because its corporate representative and primary witness is scheduled to be in Cartagena, Colombia to host an international summit of investigative journalists and filmmakers during the first week of December. JDN accordingly requests that the trial be continued to start no earlier than December 9, 2025, or alternatively, in January 2026. JDN is not requesting that any of the current pretrial deadlines or scheduled calendar call be modified.  In support, JDN states as follows:

    1.    Plaintiff Monarch Air Group, LLC ("Plaintiff" or "Monarch") originally filed this defamation action in Broward County Circuit Court against JDN alleging a claim for defamation per se under Count I and defamation by implication under Count II on November 23, 2022. [ECF No. 1-2] JDN removed the case to this Court pursuant to 28 U.S.C. § 1332(a)(3) on June 30, 2023. [ECF No. 1]

2. Currently, the parties each have filed motions for summary judgment, and briefing on those motions has concluded. The Court has scheduled oral argument on the summary judgment motions for October 17, 2025. [ECF No. 254]

3. Additonally, on February 11, 2025, the Court entered a third amended scheduling order, which set this matter for trial beginning October 20, 2025. [ECF No. 151] On August 14, the parties filed a joint motion for a 30-day continuance of the remaining pretrial deadlines and trial. [ECF No. 252] The Court on August 20 granted the motion and scheduled the trial to begin on December 1, 2025. [ECF No. 255] Accordingly, calendar call is scheduled for November 25, 2025; pretrial motions are due by October 27; and the Joint Pretrial Stipulation is due on November 18, among other procedural deadlines. [*Id.*]

4. At the time JDN filed the joint motion along with Monarch, JDN did not anticipate or request a December 2025 trial setting. In this regard, JDN's corporate representative and primary witness, Andrew Sullivan, is unable to attend the trial beginning on December 1. As discussed below, Mr. Sullivan will be out of the country at an event which was scheduled well before the recent continuance of the trial.

5. JDN publishes the Organized Crime and Corruption Reporting Project ("OCCRP") website, on which the article at issue in this lawsuit appeared. Mr. Sullivan is OCCRP's editor and publisher. During the first week of December, OCCRP is hosting its annual Floodlight Summit in Cartagena, Colombia. The stated mission of the Floodlight Summit is to connect journalists with film, television and entertainment industry creators to collaborate on producing adaptations based on investigative journalism. The program is in its third year and is a joint project of OCCRP and the Gabo Foundation, which is an international, non-profit organization created by award-winning author Gabriel García Márquez in 1994 to promote independent journalism. The summit is the culmination of a year's worth of work on topics

2

involving investigative reporting, feature film ideas, training reporters and solving intellectual property issues.

6. Mr. Sullivan hosts the summit along with OCCRP co-founder Paul Radu, and Jaime Abello Banfi, who heads the Gabo Foundation. Mr. Sullivan additionally is scheduled to speak at the event and moderate a plenary session. And finally, Mr. Sullivan is scheduled to attend a meeting of Floodlight's Board of Directors, of which he is president.

7. Because the summit ends on December 7, 2025, Mr. Sullivan is unable to attend the trial scheduled to begin on December 1. Mr. Sullivan is able, however, to attend the trial beginning on December 9 (after traveling from Colombia on December 8), and additionally is fully available in January.

8. JDN accordingly requests that the Court enter an order scheduling the trial to begin no earlier than December 9, 2025, or sometime in January 2026. In this regard, JDN is *not requesting* that any of the other pretrial deadlines, including the calendar call, be modified. JDN intends to meet all of those deadlines, and its counsel will be present for calendar call on November 25, 2025. JDN is seeking only to continue the trial date.

9. Prior to the filing this motion, counsel for JDN conferred with Monarch's counsel, who advised that they do not oppose the relief requested. However, *neither Monarch nor its counsel are available for trial between December 20, 2025 and January 6, 2026*, and requested that if the Court is inclined to grant this motion, that the trial not be scheduled at any time between those dates.

10. A court may modify its scheduling order upon a showing of "good cause." Fed. R. Civ. P. 16(b)(4). To establish good cause, the party seeking to extend or modify pretrial and trial dates must demonstrate that "the schedule cannot be met despite the diligence of the party seeking the extension." *See Damian v. Melton*, No. 1-22-CV-22606-King, 2024 WL 3650418, at

3

*1 (S.D. Fla. March 28, 2024) (internal citation and quotation omitted). Moreover, courts enjoy broad discretion in "how to best manage the cases before them." *See Beal v. School Bd. of Sarasota Cty.*, No. 8:22- cv-2529-JSS, 2023 WL 5720706 (M.D. Fla. Sept. 5, 2023); *Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1360 (11th Cir. 2002) (district courts have "broad discretion" in managing their cases).

11. Good cause exists here because Mr. Sullivan is JDN's corporate representative and primary witness, and his attendance at the trial is critical to JDN's defense. Given the magnitude and importance of the Floodlight Summit, and Mr. Sullivan's key role as a host, speaker and moderator (among many other things), Mr. Sullivan is unable to reschedule this obligation and his longstanding commitment. Accordingly, proceeding with the trial on December 1 would significantly impair JDN's ability to participate.

12. This motion is made in good faith, and not for the purpose of delay or any other improper purpose. Moreover, no party will be prejudiced by the requested continuance, and no other deadlines are impacted.

WHEREFORE, Defendant Journalism Development Network, Inc. respectfully requests that the Court grant this motion and enter an order rescheduling the trial in this matter to begin no earlier than December 9, 2025, or alternatively, for a trial period in January 2026.

## **GOOD FAITH CERTIFICATION PURSUANT TO LOCAL RULE 7.1**

Undersigned counsel certifies that she conferred with counsel for Plaintiff concerning the relief sought in this motion, who advised that Plaintiff does not oppose such relief with the caveat that neither Plaintiff nor its counsel are available for trial between December 20, 2025 and January 6, 2026.

4

THOMAS & LOCICERO PL

By: */s/ Dana J. McElroy*
Dana J. McElroy
Florida Bar No. 845906
dmcelroy@tlolawfirm.com
Daniela Abratt-Cohen
Florida Bar No. 118053
dacohen@tlolawfirm.com
915 Middle River Drive
Suite 309
Fort Lauderdale, FL 33304
Phone: (954) 703-3416

-and-

James J. McGuire
Florida Bar No. 187798
jmcguire@tlolawfirm.com
601South Boulevard
Tampa, FL 33606
Phone: (813)-984-3060

*Attorneys for Defendant*
*Journalism Development Network, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this **21st** day of **August, 2025,** I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all parties and counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

*/s/ Dana J. McElroy*
Attorney