**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
(FT. LAUDERDALE DIVISION)

MONARCH AIR GROUP, LLC,                    CASE NO.: 23-61256-CIV-JB
a Florida limited liability company,

    Plaintiff,

v.

JOURNALISM DEVELOPMENT
NETWORK INC.,

    Defendant.
_____/

**PLAINTIFF'S MOTION TO UNSEAL SUMMARY JUDGMENT RECORDS**

Plaintiff Monarch Air Group, LLC ("Monarch") moves to unseal the summary judgment records consistent with principal that court proceedings should be open to the public.

**BACKGROUND**

Monarch sued Defendant, Journalism Development Network Inc. ("JDN"), alleging claims of defamation per se and defamation by implication. [ECF 1-2] at 7–17. The Court adopted the Magistrate Judge's Report and Recommendation ("R&R") concluding that the Article as a whole could be found by a jury to be defamatory. [ECF 172] at 15.

Among the major issues with the Article is despite the General Services Administration ("GSA") clearing Monarch after an investigation and determining that Monarch was a responsible company for the government to contract with, JDN—a purported champion of transparency—omitted this crucial fact from the Article. [ECF 220] at 17-18. The Article's author admitted that it could have written about any other air service provider or government contractor but chose to focus its reporting only on Monarch, acknowledging that including others would have made the story "too big and complicated to report on," even though government contracts comprise only a very small portion of Monarch's overall business. [ECF 200-13] at 164:8-165:8. This belies JDN's argument that the Article was related to a public concern with government contracts when the story is really just about Monarch.

0

Having asserted that its reporting raises issues of public concern [ECF 206] at 18, JDN cannot deny that it is equally of public concern when a news organization that presents itself as an authority on crime and corruption publishes a defamatory article designed to attack Monarch. *See Berisha v. Lawson*, 378 F. Supp. 3d 1145, 1155 (S.D. Fla. 2018) ("Issues of legitimate public concern include 'all matters of corruption.'"). The public has a right to evaluate JDN's reporting about Monarch.

This Court entered Orders allowing the Parties to file their respective summary judgment supporting documents under seal, consistent with the confidentiality order. [ECF 176, 179]. The Parties moved for summary judgment and filed supporting records under seal. [ECF 183]–[ECF 208]. In support of its MSJ, JDN asked the Court to take judicial notice of certain cases, and in its Motion included an exhibit that had been unintentionally filed by JP Morgan Chase not under seal in a different, unrelated action. [ECF 193]; [ECF 194]. Chase subsequently moved to seal the exhibit in this case, which the Court granted. [ECF 213]; [ECF 214]. The Court also entered Orders allowing the Parties to file their respective MSJ Response documents under seal. [ECF 218]; [ECF 219]. That same day, the Parties did so. [ECF 221]–[ECF 230]. The Court then entered Orders allowing the Parties to file their respective MSJ Reply documents under seal, [ECF 238]; [ECF 240], and the Parties did. [ECF 242]–[ECF 250].

These filings were made under seal because they were designated confidential by one or both Parties in discovery, but these filings are subject to the presumption of the common-law right of access to court records, and the documents at issue bear directly on the Court's consideration of dispositive motions. *See Techtronic Indus. Co. Ltd. v. Bonilla*, No. 8:23-CV-1734-CEH-AEP, 2025 WL 1735591, at 2 (M.D. Fla. June 23, 2025) (*citing Reed v. CRST Van Expedited, Inc.*, 8:17-cv-199-JDW-CPT, 2018 WL 5077179, at 2 (M.D. Fla. Apr. 17, 2018)) ("agreements of confidentiality or to seal materials is 'immaterial' to a court's decision regarding the public's right of access."). Unsealing the record would ensure transparency and preserve the public's enshrined ability to fully evaluate the Court's decision-making process, particularly as the issues in this case allegedly pertain to matters of public concern, as JDN has repeatedly asserted and as the R&R recognized.

For the reasons that follow, Plaintiff respectfully requests that this Court enter an Order Unsealing the Summary Judgment Records.

**MEMORANDUM OF LAW**

a) **Legal Standard**

"The common-law right of access 'establish[es] a general presumption that criminal and civil actions should be conducted publicly' and 'includes the right to inspect and copy public records and documents.'" *See FTC v. AbbVie Products LLC*, 713 F.3d 54, 62 (11th Cir. 2013) (citing *Chi. Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001)). "It is 'an essential component of our system of justice' and 'is instrumental in securing the integrity of the process.'" *Id*. "Once the discovery is used 'in connection with pretrial motions that require judicial resolution of the merits,' however, the filed material becomes 'subject to the common-law right.'" *Gubarev v. Buzzfeed, Inc.*, 365 F. Supp. 3d 1250, 1256 (S.D. Fla. 2019) (quoting *Chicago Tribune*, 263 F.3d at 1312)); *see also Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 252 (4th Cir. 1988) (even though protective order provided some confidentiality to discovery, once the materials become part of a motion, they "lose their status of being 'raw fruits of discovery'"). "Once a matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's case." *Gubarev*, 365 F. Supp. 3d 1250, 1256 (citing *Brown v. Advantage Eng'g*, 960 F.2d 1013, 1016 (11th Cir. 1992)). "It makes no difference whether the pretrial motions are dispositive: "A motion that is 'presented to the court to invoke its powers or affect its decisions,' whether or not characterized as dispositive, is subject to the public right of access." *Id*. (citing *Romero v. Drummond Co*., 480 F.3d 1234, 1246 (11th Cir. 2007)).

"The common law right of access ***may*** be overcome by a showing of good cause, which requires balancing the asserted right of access against the opponent's interest in keeping the information confidential. Whether good cause exists is decided by the nature and character of the information in question." *Romero*, 480 F.3d at 1246 (emphasis added). "Good cause is established by showing that disclosure will cause 'a clearly defined and serious injury.'" *Techtronic Indus.*, 2025 WL 1735591, at 2. "In balancing the public interest in accessing court documents against a party's interest in keeping the information confidential, courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the

2

documents." *Romero*, 480 F.3d at 1246; *Newman v. Graddick*, 696 F.2d 796, 803 (11th Cir. 1983) (citing *Nixon v. Warner Commc'ns, Inc*., 435 U.S. 589, 598–603 & n.11 (1978) ).

A party's privacy or proprietary interest in information sometimes overcomes the public's interest in accessing the information. *Romero*, 480 F.3d at 1246. "So long as material is arguably relevant, then, the presumption of openness weighs heavily in favor of unsealing." *Gubarev*, 365 F. Supp. 3d 1250, 1257. "[I]n cases involving public concerns like 'the citizen's desire to keep a watchful eye on…the operation of government,' documents—even sensitive ones—may speak to the 'heart of the interest protected by the right of access,'" making public disclosure paramount. *See Romero*, 480 F.3d at 1246.

b) **There is no good cause to keep the majority of the MSJ records sealed.**

The presumption for public access to judicial records is strong, particularly where those records are filed with dispositive motions.  Documents submitted in support of summary judgment are judicial records that go to the heart of the court's adjudicatory function and sealing them is thus disfavored. *Techtronic Indus.*,  2025 WL 1735591, at *3. Conclusory assertions of confidentiality or generalized references to sensitive business information are insufficient; instead, the moving party must demonstrate with specificity why sealing is warranted. *Id*. at 6. Moreover, in that case, a defamation like this one, the court found that "Plaintiffs cannot prevail on their defamation claims without proving that the statements are false. Likewise, the Defendant can defend himself at trial only by discussing the statements in public. Absent sealing the case, which there is no basis for the Court to do, it will be logistically impossible to adjudicate the defamation claims without publicly discussing the allegedly false statements, the basis for same, and Plaintiffs' claimed damages." *Id*. at 3.

The Eleventh Circuit reinforced this principle in *FTC v. AbbVie Products LLC*, 713 F.3d 54, 71 (11th Cir. 2013), where it affirmed an order unsealing materials attached to an antitrust complaint. The Court explained that the common-law right of access establishes a general presumption in favor of openness, encompassing both civil and criminal proceedings. *Id*. The Eleventh Circuit stressed that discretion must be exercised with a "sensitive appreciation" of the circumstances, and a confidentiality order should not serve as a blanket justification for continued secrecy once materials become relevant to judicial decision-making. *Id*. at 62.

Similarly, in *Gubarev*, 365 F. Supp. 3d at 1259, the Court rejected arguments that potentially embarrassing or prejudicial material justified continued sealing. The court emphasized

3

that once discovery materials are filed in connection with pretrial motions that require judicial resolution of the merits, the public then has a right to access those materials. *Id*. at 1255. The presumption of openness is rebuttable but requires a particularized showing of good cause, evaluated through a balancing test that considers, among other things, the public interest in transparency, the reliability of the information, the degree of potential injury, and whether less onerous alternatives to sealing exist. *Id*. at 1256.

Finally, in *Romero*, 480 F.3d at 1247-48, the Eleventh Circuit found that a district court abused its discretion by sealing a declaration based on speculative concerns about fairness of trial and protective orders. The Court stressed that speculative or conclusory assertions are inadequate to overcome the presumption of access. *Id*. Rather, sealing is justified only upon concrete findings supported by the record. *Id*.

Taken together, these authorities reflect a consistent rule: filings related to dispositive motions are presumptively public, and any departure from that presumption must be narrowly tailored, supported by specific factual findings, and justified by a compelling interest. This body of law underscores why the materials filed under seal in connection with the Parties' motions for summary judgment should be unsealed, save for narrow exceptions where good cause is specifically demonstrated.

Unsealing is warranted here because the case allegedly involves issues of significant public concern, as JDN itself has repeatedly asserted and as the R&R recognized. The public has a strong interest in understanding how a global news organization that claims to champion transparency published an article a jury could find defamatory, omitted that Monarch had been cleared by a GSA investigation, and chose to focus solely on Monarch even though it could have written about any other air service provider and government contracts make up only a small portion of Monarch's business. Unsealing will ensure accountability, promote confidence in the judicial process, and allow the public to fully assess the fairness of the Court's decision on the merits.

### a. Monarch's MSJ

The materials filed under seal in connection with Monarch's MSJ are subject to the strong presumption of public access, with only narrow exceptions. In support of its summary judgment motion, Monarch filed the deposition transcripts of its corporate representative and of David Gitman individually [ECF 200-1 & 2], Olena Goncharova-LaFoy's deposition transcript [ECF 200-8], Lily Dobrovolskaia's deposition transcript [ECF 200-13], Plaintiff's Second Verified

4

Supplemental Interrogatory Responses [ECF 200-14], and Andrew Sullivan's deposition transcripts [ECF 200-19], under seal. JDN filed excerpts of David Cowheard's deposition transcript [ECF 226-1], JDN's Preliminary Expert Report [ECF 226-2], JDN's Supplemental Expert Report [ECF 226-3], Monarch's Google Ad Campaign document [ECF 226-4], JDN's Opposition to Statement of Disputed Facts [ECF 228], and Response in Opposition to Monarch's MSJ [ECF 230], under seal. In Reply in Support of its MSJ, Monarch filed its damages documents [ECF 243-1 & 2] and the deposition transcript of Mr. Cowheard [ECF 243-3], under seal.

The common-law right of access "establish[es] a general presumption that criminal and civil actions should be conducted publicly" and "includes the right to inspect and copy public records and documents." *FTC*, 713 F.3d at 62. This presumption is "an essential component of our system of justice" and "instrumental in securing the integrity of the process." *Id*. Likewise, in *Gubarev*, 365 F. Supp. 3d at 1256, the court held that once discovery is filed "in connection with pretrial motions that require judicial resolution of the merits," it loses its character as private discovery and becomes subject to the right of access, regardless of any protective designations during discovery.

Summary judgment filings go "to the heart of the court's adjudicatory function" and absent a "clearly defined and serious injury," should be unsealed. *Techtronic Indus*, 2025 WL 1735591, at 2. In the defamation context it is impossible to adjudicate the claims and defenses without publicly addressing the allegedly false statements, the factual basis for those statements, and the defenses to those allegations. *Id*. at 3. That principle applies with equal force here: the sealed records—including deposition testimony are central to the Court's evaluation of Monarch's claims and JDN's defenses, and the public is entitled to see the very evidence on which the Court will base its findings.

That said, narrow exceptions are warranted. The Cowheard deposition transcript and JDN's expert reports [ECF 226-1, 226-2, 226-3, 243-3] should remain sealed as they contain proprietary financial analyses and sensitive internal information as to Monarch, including Monarch's tax returns and financial data embedded within these materials, which do not meaningfully advance the Court's resolution of the summary judgment motions. Public dissemination of this material would cause a clearly defined and serious injury by exposing Monarch's confidential financial data and internal methodologies to competitors, thereby undermining its legitimate business interests. *Gubarev*, 365 F. Supp. 3d at 1256. Because these materials are tangential to the dispositive issues

5

before the Court, and Monarch's damages in this action are limited to approximately $63,000, the tax returns and financial information contained therein do not assist the Court in resolving any issue. Accordingly, keeping them under seal will not impair the public's ability to understand the Court's reasoning or evaluate its decision-making.

Plaintiff's interrogatory responses [ECF 200-14] and damage documents [ECF 243-1 & 2] should be unsealed, but remain redacted to remove client and vendor names, which implicate confidential, proprietary relationships that are not germane to the issues being adjudicated. Disclosure of client and vendor identities would risk harm to ongoing business relationships and reveal competitive information without adding to the public's understanding of the Court's rulings. These limited protections are narrowly tailored and represent a less onerous alternative to blanket sealing. They strike the proper balance between the strong presumption of openness and the need to safeguard against unnecessary disclosure of proprietary financial data and confidential client information. By preserving these discrete confidentiality interests while unsealing the remainder of the record, the Court ensures both transparency in its adjudication and protection against undue competitive harm.

Beyond these narrow exceptions, however, none of the other materials—including Monarch's corporate and individual depositions, the Google Ad Campaign document, and JDN's briefings—implicate legitimate privacy or proprietary interests. They do not disclose trade secrets or sensitive personal data, and they are directly tied to the claims and defenses the Court must decide. Applying the Eleventh Circuit's balancing factors in *FTC*, 713 F.3d at 71, the conclusion is clear: unsealing will not impair the Court's functions; the information does not implicate sensitive personal or proprietary data beyond the limited redactions already identified; there is no serious or likely injury from disclosure; the materials are reliable, having been filed in support of dispositive motions; and both sides have had the opportunity to respond.

Unsealing is further warranted because the issues JDN itself has asserted are matters of public concern, as the R&R recognized, and because the public has a legitimate interest in understanding how a self-proclaimed transparency-driven news organization published an article that a jury could find defamatory, omitted that Monarch had been cleared by a GSA investigation, and chose to focus exclusively on Monarch even though it could have written about any other air service provider and government contracts make up only a small portion of Monarch's business.

6

Taken together, the Monarch MSJ record belongs in the public domain. The only appropriate tailoring is (1) keeping sealed Cowheard's deposition transcript and JDN's expert reports, including Monarch's tax returns and financial information contained therein, and (2) redacting client names and vendors in Monarch's interrogatory responses. All other filings fall squarely within the presumption of openness and must be unsealed to ensure transparency and preserve public confidence in the judicial process.

### b. **JDN's MSJ**

Like Monarch's MSJ record, JDN's MSJ record presents no basis for continued secrecy. In support of its Motion for Summary Judgment, JDN filed under seal deposition excerpts and certain exhibits from Monarch's corporate representative, Monarch's discovery responses, JDN's statement of material facts, and JDN's motion for summary judgment with its accompanying memorandum of law. Other than two proprietary and confidential past client names referenced in Plaintiff's interrogatory responses [ECF 198-4 & 5], there is no good cause for these materials—including JDN's motion and statement of material facts—to remain under seal. In addition, JDN asked the Court to take judicial notice of certain cases and, in doing so, included an exhibit that JP Morgan Chase had inadvertently filed without seal in the underlying litigation. [DE 193-4]. Chase responded by filing a Motion to Seal in this case, which the Court granted. [DE 213-214]. Monarch filed its Response in Opposition to JDN's MSJ, filing under seal communications between JDN and the author of the Article [ECF 221-2], the OCCRP Pitch Form for the Article [ECF 221-4], and Jared Ferrie's emails with the author of the Article [ECF 221-7]. In Reply in Support of its MSJ, JDN filed under seal the Reply itself and the corresponding Reply in Opposition to Monarch's Additional Statement of Facts.

The sealed records—JDN's internal communications about the Article with the author, including its publishing, fact-checking, and purposes, the factual statements supporting its motion, and the briefing itself—are inseparable from the Court's evaluation of Monarch's defamation claims and JDN's defenses. These documents also bear directly on JDN's state of mind and intent, issues that are central to the adjudication of Monarch's claims and JDN's defenses. Because the Court will necessarily consider these materials in resolving summary judgment, the public is entitled to see the same evidence on which the Court bases its findings. *Techtronic Indus.*, 2025 WL 1735591, at 3.

7

Unsealing is further warranted because this case involves alleged defamation by a media organization concerning issues JDN itself asserts are of public concern, as the R&R recognized. A global news organization that claims to champion transparency cannot invoke the public interest when publishing an article a jury could find defamatory, while simultaneously seeking to conceal the evidence underlying its own reporting. The public has a right to examine how JDN, which omitted that Monarch had been cleared by a GSA investigation and chose to focus solely on Monarch even though it could have written about any other air service provider and government contracts make up only a small portion of Monarch's business, conducted and justified its reporting. The principle of openness demands that this record remain accessible so the public may fully evaluate the integrity of both the reporting and the judicial process.

The only appropriate tailoring is the narrow redaction of specific confidential client names and vendors, and the continued sealing of the exhibit submitted with JDN's Motion for Judicial Notice. Disclosure of client names would cause real and tangible harm by exposing sensitive business relationships, thereby jeopardizing Monarch's competitive standing and ongoing dealings with customers and vendors. Likewise, sealing the judicial notice exhibit is proper because it involves an unrelated third party, was intended to be filed under seal in the underlying litigation, and was treated as confidential in that case. [ECF 213]. The exhibit contains highly sensitive information from Chase's Global Financial Crimes Compliance department regarding internal, nonpublic investigations and Chase's internal, nonpublic investigative processes and procedures for protecting its accountholders, the public, and itself from money laundering activity. *Id.*

Protecting these discrete categories of material is justified because it avoids the defined injury that would result from public dissemination, while still preserving the broader presumption of openness. *Gubarev*, 365 F. Supp. 3d 1250, 1256. None of the other materials filed under seal— including deposition testimony, internal JDN communications concerning the Article, or the summary judgment filings themselves—implicate legitimate privacy or proprietary interests, nor do they create any unfair prejudice to the opposing party. When the balancing factors are applied, the conclusion is unmistakable: unsealing will not impair the Court's functions; the information at issue does not implicate sensitive personal data or trade secrets; there is no identifiable serious or likely injury from disclosure; the materials are reliable because they have been filed in support of dispositive motions; both parties have had full opportunity to respond to them; and the issues allegedly concern matters of public concern. Moreover, any legitimate concerns are fully addressed

8

through the narrow exceptions and targeted redactions Plaintiff has already proposed—*e.g.,* shielding confidential financial analyses and client/vendor identities. This approach reflects the "less onerous alternatives" principle recognized by the Eleventh Circuit. *Romero*, 480 F.3d at 1246. Beyond these narrow carve-outs, no good cause exists to justify continued secrecy.

## **CONCLUSION**

WHEREFORE, Plaintiff, MONARCH AIR GROUP, LLC, respectfully requests entry of an order unsealing the Summary Judgment Records, except for the filings identified above which should remain sealed, and any further relief the Court deems just and proper.

## **CERTIFICATE OF CONFERRAL**

The undersigned attorneys hereby certify that they conferred with counsel for JDN through email prior to filing this Motion on November 6, 2025, and they represented that JDN "opposes Monarch's motion to the extent it seeks to keep ECF 226-1, ECF 226-2, ECF 226-3, ECF 243-3, ECF 200-14, ECF 243-1, and ECF 243-2 (Nos. 1 and 3 below) under seal. JDN does not oppose keeping the Chase exhibit (ECF 193-4) under seal (No. 2 below). JDN does not oppose unsealing the other summary judgment materials filed under seal by JDN or Monarch."

**[CERTIFICATE OF SERVICE ON FOLLOWING PAGE]**

**CERTIFICATE OF SERVICE**

     **I HEREBY CERTIFY** that a true and correct copy of the foregoing was filed and served via the CM/ECF filer on November 11, 2025 to: Dana J. McElroy, dmcelroy@tlolawfirm.com; Thomas & LoCicero PL 915 Middle River Drive, Suite 309 Fort Lauderdale, FL 33304; James J. McGuire, Esq., jmcguire@tlolawfirm.com; Daniela Abratt-Cohen, Esq., dabratt@tlolawfirm.com; Thomas & LoCicero PL 601 South Boulevard Tampa, FL 33606.

          Respectfully submitted,

          **STOK KON+ BRAVERMAN**
          Attorneys for Plaintiff
          One East Broward Boulevard
          Suite 915
          Fort Lauderdale, Florida 33301
          Tel.: (954) 237-1777
          Fax: (954) 237-1737
          Email: service@stoklaw.com
          */s/ Joshua R. Kon*
          JOSHUA R. KON, ESQ.
          Florida Bar No. 56147
          jkon@stoklaw.com
          YOSEF Y. KUDAN, ESQ.
          Florida Bar No. 1010261
          ykudan@stoklaw.com