## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No.: 23-cv-61256-JB

MONARCH AIR GROUP, LLC,
a Florida limited liability company,

      Plaintiff,

v.

JOURNALISM DEVELOPMENT
NETWORK INC.

      Defendant.

_____/

## ORDER ON DEFENDANT'S
## <u>MOTION TO CONFIRM SUBJECT MATTER JURISDICTION</u>

**THIS CAUSE** comes before the Court on Defendant Journalism Development Network's ("JDN" or "Defendant") Motion to Confirm Subject Matter Jurisdiction, ECF No. [261], (the "Motion"). Plaintiff, Monarch Air Group, LLC ("Plaintiff"), filed its Response to the Motion, ECF No. [265], to which Defendant Replied, ECF No. [267]. In the Motion, Defendant requests that the Court confirm and retain subject matter jurisdiction over this matter. *See* ECF No. [261] at 7. Upon careful consideration of the Motion, the pertinent portions of the record, and for the reasons explained below, the Motion is **DENIED** and this case is **REMANDED** to the Seventeenth Judicial Circuit in and for Broward County, Florida for further proceedings.

1

## I.     BACKGROUND

This matter arose from Defendant's online publication of an article entitled *The Flight of the Monarch*: *US Gov't Contracted Airline Once Owned by Criminals with Ties to Russian Mob* (the "Article").   On November 23, 2023, Plaintiff filed the Complaint in the Seventeenth Judicial Circuit in Broward County, Florida asserting counts for: (i) defamation *per se* against Defendant and author of the Article, Lily Dobrovolskaya ("Dobrovolskaya") ("Count I"); (ii) defamation by implication against Defendant and Dobrovolskaya ("Count II"); and (iii) defamation *per se* against Dobrovolskaya ("Count III").   Counts I and II were based on the Article.   Count III was solely against Dobrovolskaya, and was based on a tweet Dobrovolskaya posted about Plaintiff.  *See* EC No. [1-2] at 81.[1]

Prior to removing this case, Defendant served Plaintiff with three interrogatories requesting details as to the damages it claimed for each of the counts in the Complaint.  *See* ECF No. [261] at 2.  Plaintiff repeated the same response as to each:

> Plaintiff seeks $63,000 in general damages as compensation for the harm suffered as a result of JDN's defamatory publication. This amount is based on a fair and reasonable assessment of the impact the Article has had on Plaintiff, as understood through the direct observations and knowledge of the Plaintiff. This evaluation aligns with legal principles governing defamation damages and reflects the harm inflicted on employee morale, reputation, mental well-being, and dignity.

("Interrogatory Response").  ECF No. [203-1].

---

[1] On October 3, 2024, the Court dismissed the claims against Dobrovolskaya. *See* ECF Nos. [83], [91].

2

On June 30, 2023, the action was removed by Defendant to this Court, asserting diversity jurisdiction under 28 U.S.C. § 1332 on the basis that the amount in controversy exceeded $75,000. *See* ECF No. [1] at 4. Defendant claimed that Plaintiff's Interrogatory Response indicated that Plaintiff sought a total of $189,000 in damages against Defendant and Dobrovolskaya, $63,000 as to each count as opposed to $63,000 in total for all three counts. ECF No. [1] at ¶ 22. Defendant also pointed to a statement made in a pre-suit letter, where Plaintiff said that its damages were in the "millions of dollars" in lost revenue (the "Pre-Suit Statement"). *See* ECF No. [1–2] at 6.

On July 25, 2023, Plaintiff filed a Motion to Remand the action, ECF No. [14], arguing that the amount in controversy fell below the § 1332 threshold. *See* ECF No. [14] at 4. Plaintiff noted that its initial disclosures were meant to compute damages at $63,000 in total for all claims, and expressly denied seeking more than $75,000 in damages. *Id.*

On September 23, 2023, the Honorable United States District Judge Aileen M. Cannon[2] denied Plaintiff's motion to remand. ECF No. [23]. The Court explained that the amount in controversy requirement was satisfied by (i) Plaintiff's Interrogatory Response, (ii) Plaintiff's Pre-Suit Statement, and (iii) by the state court civil cover sheet ("Civil Cover Sheet") which listed damages in excess of $100,000. *See* ECF No. [23] at 5–6. The Court also noted that Plaintiff had failed to submit any

---

[2] This matter was reassigned to the undersigned on March 7, 2024. ECF No. [54].

affidavit or other evidence to support a finding that the amount in controversy was less than the jurisdictional amount.  *Id.* at 7.

Plaintiff filed a motion for reconsideration of the Court's Order, ECF No. [30], this time attaching an affidavit in which its managing representative, David Gitman, stated that Plaintiff *is not* seeking more than $75,000 in damages, and *will not* seek more than $75,000 in damages.  *See* ECF No. [30] at 2; ECF No. [30-1] at ¶ 4.  The Court denied Plaintiff's Motion for Reconsideration.  ECF No. [37] at 3.

The matter proceeded through discovery and dispositive motions.  The parties filed cross-motions for summary judgment, which the Court set for hearing (the "Hearing").  *See* ECF Nos. [199], [206], [254].  In its Motion for Summary Judgment, ECF No. [199], Plaintiff stated that its damages remained at $63,000.  ECF No. [199] at 21.  At the Hearing, the Court inquired as to the amount of damages, and Plaintiff again stated that the damages have always been and have remained at $63,000.  The issue of the Court's jurisdiction was again raised by the parties and the Court.

The following week, Defendant filed the instant Motion asking the Court to confirm subject matter jurisdiction over the case.  ECF No. [261].  In the Motion, Defendant argues that the Court has subject matter jurisdiction.  *Id.* at 6.  More specifically, Defendant argues that Plaintiff did not stipulate that its damages will not exceed $63,000 until after the action was removed, and that the affidavit attached to Plaintiff's motion for reconsideration did not provide any factual basis for Monarch's revised and reduced damages theory.  *Id.*  Lastly, Defendant argues that because Plaintiff alleged the same amount of damages for Count III of the Complaint,

a separate claim for a separate publication, Plaintiff's argument that damages for all three counts were the same "makes no sense."  *Id.* at 7.

In its Response, Plaintiff argues the Court lacks subject matter jurisdiction because any ambiguity as to the amount of damages was corrected by Monarch's September 2023 affidavit confirming that Plaintiff "was not, had not, and will not seek damages exceeding [$63,000]."  ECF No. [265] at 3.

## II.   LEGAL STANDARD

A federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking.  *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999); *see also Fitzgerald v. Seaboard Sys. R.R.,* 760 F.2d 1249, 1251 (11th Cir.1985).  It is well-settled that federal courts should strictly construe the jurisdiction of federal courts on removal and remand all cases in which such jurisdiction is doubtful. *See MSP Recovery Claims Series LLC v. Zurich Am. Ins. Co.*, No. 23-22450-CIV, 2023 WL 11882999, at *2 (S.D. Fla. Sept. 11, 2023) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941)).  When the parties disagree on the existence of jurisdiction, uncertainties are resolved in favor of remand.  *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994) (citations omitted).  Under 28 U.S.C. section 1447(c), "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

In determining whether remand is necessary, district courts consider "only the limited universe of evidence available when the motion to remand is filed—i.e., the

notice of removal and accompanying documents." *Luch v. Scottsdale Ins. Co.*, No. 17-21507-CIV, 2017 WL 5643314, at *1 (S.D. Fla. June 9, 2017) (citing *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1213–14 (11th Cir. 2007)).  However, a court may consider post-removal evidence to establish facts present at the time of removal.  *See Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000) (quoting *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)); *see also, Mager v. Katz*, No. 21-CV-62350-RAR, 2023 WL 3578989, at *2 (S.D. Fla. May 21, 2023) (finding that the evidence attached to the defendants' notice of removal did not establish by a preponderance of the evidence that jurisdiction existed at the time of removal).  In evaluating pre-suit statements made by parties, courts recognize that such evidence may simply "reflect puffing and posturing" when they do not "provide specific information to support the plaintiff's claim for damages." *Beauliere v. JetBlue Airways Corp.*, No. 20-60931, 2020 WL 6375170, at *2 (S.D. Fla. Oct. 29, 2020) (citations omitted).  Relatedly, a court may place little weight on unsupported estimates of damages contained in communications between the parties. *See e.g.*, *Mager*, 2023 WL 3578989, at *2 (citing *Morris v. Bailo*, No. 2:17-cv-224-FtM-99CM, 2017 WL 7355308, at *1 (M.D. Fla. May 1, 2017) ("[the court] decline[d] to place great weight on an email chain estimating damages")); *see also Wadsworth v. Fed. Ins. Co.*, No. 6:18-cv-1445-Orl-41DCI, 2018 WL 6977332, at *5 (M.D. Fla. Dec. 6, 2018) (considering counsel's telephone call regarding plaintiffs' damages to be "equivalent to written puffery").

### III.    ANALYSIS

For the reasons stated below, the Court finds that this Court lacks subject matter jurisdiction because Plaintiff's damages do not satisfy the amount in controversy requirement under § 1332.  The evidence at the time of removal is not sufficient to support the argument that the amount in controversy exceeds $75,000. Because the evidence at the time of removal was, at best doubtful, remand is proper.

The strongest evidence presented was Plaintiff's Interrogatory Response. Defendant maintains that Plaintiff's Interrogatory Response establishes that jurisdiction exists by a preponderance of the evidence.  ECF No. [21] at 4.  In their view, the Interrogatory Response indicated that Plaintiff intended to ask for $63,000 per claim, as opposed to $63,000 for the entirety of the case, despite Defendant's indications otherwise.  The Court is not convinced that the Interrogatory Response was determinative.

First, Plaintiff's Motion to Remand clearly and unequivocally responded that it sought less than $75,000 in damages, when it clarified that its repetitive Interrogatory Response should not have been aggregated. ECF No. [14] at 7–9, n.10. Specifically, Counts I and II were for the same conduct, and because the damages for those claims could not be duplicative, the repetitive nature of Plaintiff's Interrogatory Response casts doubt as to whether the response was as to each count.  *See St. Luke's Cataract & Laser Inst., P.A. v. Sanderson*, 573 F.3d 1186, 1203 (11th Cir. 2009) ("no duplicating recovery of damages for the same injury may be had.") (citations omitted). Moreover, even at the time of removal (before the dismissal of Dobrovolskaya and

Count III) Plaintiff never sought to aggregate the claims against Defendant and Dobrovolskaya because the two were not jointly liable. *See* ECF No. [14] at 7; *see also Fitzgerald v. McNae*, No. 1:22-CV-22171-JEM, 2023 WL 8477643, at *4 (S.D. Fla. Oct. 24, 2023) ("A plaintiff's claims against multiple defendants can only be aggregated if they are jointly liable")*; State Farm Mut. Auto. Ins. Co. v. A&J Medical Center, Inc.*, 20 F. Supp. 3d 1363, 1367 (S.D. Fla. 2014). As such, the repetitive nature of the Interrogatory Response supports Plaintiff's reading that the damages figure provided is the aggregate amount for all counts. In any event, Plaintiff's Motion to Remand called into question how the Interrogatory Response should have been interpreted, a question that should be resolved in Plaintiff's favor. *See Fitzgerald*, 2023 WL 8477643, at *4; *see also State Farm Mut. Auto. Ins. Co.*, 20 F. Supp. 3d at 1367.

In addition, the Court is persuaded that Mr. Gitman's affidavit supports remand. In his affidavit, Mr. Gitman clarified, under oath, that Plaintiff would not be seeking damages in excess of $75,000 regardless of whether the case is tried in state or federal court. ECF No. [30-1] at ¶ 4.[3] Although the affidavit was provided after the Order Denying Remand, consideration of it is proper. *See Sierminski*, 216 F.3d at 949 ("While it is undoubtedly best to include all relevant evidence in the petition for removal and motion to remand, there is no good reason to keep a district court from eliciting or reviewing evidence outside the removal petition."). The affidavit confirms that Plaintiff is not attempting to manufacture its way out of

---

[3] Though not relevant to the Court's analysis here, the Court notes that Plaintiff's final damage request at summary judgment was $63,000. ECF No. [199] at 21.

federal court; rather, it confirms that the damages for the entirety of the case would not exceed $63,0000.

Next, the undersigned finds that Plaintiff's Pre-Suit Statement was clearly nothing more than mere "puffery." In *Mager v. Katz,* the Court noted that statements made by parties in pre-suit demand letters "may simply reflect puffing and posturing when they do not provide specific information to support the plaintiff's claim for damages." *Mager,* 2023 WL 3578989, at *2 (internal quotations omitted). There, the Court held that emails attached to the defendants' response failed to establish that jurisdiction existed at the time of removal by a preponderance of the evidence because the emails did not contain any evidence supporting the damage estimates contained therein. *Mager,* 2023 WL 3578989, at *2. Here, Plaintiff stated in a letter addressed to the Board Members of Defendant that the false claims in the article resulted in "millions of dollars in revenue lost." ECF No. [1–5] at 6. However, the full sentence had little to do with damages relating to the instant matter.[4] *Id.* Indeed, the letter offers no other information about Plaintiff's damages. *See generally id.* at 1–9. As such, the Court is not convinced that Plaintiff's Pre-Suit Statement should be

---

[4] The full sentence read:

> I understand that you may not care about my reputation, or the millions of dollars of revenue lost to Monarch as a result of these false claims, but someone at the OCCRP should care that as of March 15th, the OCCRP knows about and hasn't corrected even the spelling error on its website ("hanger" is used to hang clothes, "hangar" is used to store aircraft).

ECF No. [1-5] at 6.

determinative, especially in light of the Interrogatory Response and the affidavit submitted in support of reconsideration.

Finally, as for the Civil Cover Sheet, the "amount of claim" in a standard civil cover sheet form is specifically "requested for data collection and clerical processing purposes only," and "shall not be used for any other purpose."  ECF No. [1–2] at 4; s*ee also Nesarelli Enterprises, Inc. v. Allied Ins. Co. of Am.*, No. 6:20-CV-2028-PGB-EJK, 2021 WL 12301014, at *2 (M.D. Fla. Apr. 9, 2021) ("To give the civil cover sheet a substantive effect for purposes of the removal statute would contravene the Florida Supreme Court's proscription against the use of such information for any purpose other than the State's collection of data.").  Further, while the Court may look at a civil cover sheet in conjunction with other evidence to determine whether the amount in controversy requirement has been met, as discussed above, the additional evidence is not persuasive to the undersigned.  *See Mager v. Katz*, No. 21-CV-62350-RAR, 2023 WL 3578989, at *1 (S.D. Fla. May 21, 2023) (citing *Chase v. Holiday CVS, LLC*, No. 22-CV-20752, 2022 WL 2135446, at *3 (S.D. Fla. May 13, 2022)) ("Recognizing the vague and conclusory nature of these types of documents, 'courts have uniformly required additional evidence in conjunction with civil cover sheets.'"); *see also Physicians Imaging-Lake City, LLC v. Nationwide Gen. Ins.*, No. 3:20-CV-1197, 2020 WL 6273743, at *3 n.3 (M.D. Fla. Oct. 26, 2020) (holding that the damages estimate in the state civil cover sheet, "unaccompanied by any supporting information," was "analogous to a barebones pre-suit demand letter and thus, insufficient to demonstrate that the amount in controversy plausibly exceeds $75,000").  Taking into

consideration Plaintiff's Interrogatory Response, Mr. Gitman's affidavit regarding damages, the pre-suit letter and the Civil Cover Sheet, the Court finds that the damages in this matter do not exceed the $75,000 threshold set forth in § 1332, and as such, the Court lacks subject matter jurisdiction over this action.[5]

## IV.    CONCLUSION

Accordingly, and for the reasons explained above, the Motion is **DENIED,** and the Clerk is directed to **REMAND** this action to the Seventeenth Judicial Circuit in and for Broward County, Florida for further proceedings. The Clerk of Court is **DIRECTED** to forward a copy of this Order to the Clerk of Court for the Seventeenth Judicial Circuit in and for Broward County, Florida. Any pending motions are **DENIED as moot**. The Clerk is instructed to **CLOSE** this case.

**DONE AND ORDERED** in Miami, FL on this 21st day of January, 2026.

_____
**JACQUELINE BECERRA**
**UNITED STATES DISTRICT JUDGE**

---

[5] The Court is mindful that the matter has been litigated almost to its conclusion before this Court.  But as the parties both acknowledged at the Hearing, the Court has an obligation to consider its jurisdiction at every stage, which includes doing so here.  Indeed, the Motion at issue was filed by Defendants who recognized that the Court's jurisdiction should be reviewed by the undersigned at this juncture.